WARREN HAMILTON . *vs.* GEORGE F. McQUILLAN and WILLIAM H. LOONEY, admrs.

Androscoggin. Opinion December 28, 1889.

*Life insurance. Disposition. Legatee, action by. Legacy, when payable. Interest. Demand. R. S., c.* 65, § 31; *c.* 74, §§ 1, 7; *c.* 75, § 10.

It is competent for a solvent testator having a wife but no children, to dispose by will of insurance money upon his life, coming to his estate at his decease, to a person other than his wife, where his intention so to do is clearly and definitely expressed in his will.

When such money has come into the hands of the executor, or of the administrator *de bonis non* with the will annexed, an action may be maintained by the legatee to recover the same.

Interest may also be recovered upon a pecuniary legacy from such time as, either by the will or by the rules of law, it becomes due and ought to be paid, where there are assets belonging to the estate subject to such legacies.

As a rule, a pecuniary legacy, payable generally, without designation as to time of payment, is payable at the end of one year from the death of the testator without interest: and if not then paid, it bears interest after the expiration of the year.

Nor is any demand necessary in order to entitle a legatee to interest.

AGREED STATEMENT.

This was an action of debt against the defendants as administrators *de bonis non*, with the will annexed, of Joseph V. R. Coombs, of Yarmouth, deceased, to recover a legacy under his will, it being the proceeds of a life insurance policy. It was admitted that his estate, including both real and personal property, was solvent, and that no premiums had been paid on the policy during the three years next preceding the testator's death. The defendants claimed that by R. S., c. 75, § 10, the testator could not legally give and devise his interest in life insurance policies to the plaintiff.

*N. and J. A. Morrill,* for plaintiff.

Life insurance money, belonging to the estate of the decedent, may be regarded as property of the deceased. *Hathaway* v. *Sherman,* 61 Maine, 466, 473; *Wason* v. *Colburn,* 99 Mass. 342. Plaintiff's rights not defeated by R. S., c. 75, § 10. Section 10 does not withdraw insurance money, as a distinct species of property from the operation of a solvent testator's will; it is only an exception in favor of widow and children to R. S., c. 74, § 14. Repeals by implication not favored. *Chadbourn* v. *Chadbourn,* 9 Allen, 173.

The original statute (laws of 1844, c. 114) has not been repealed and recognizes a previously existing power to dispose of such funds by will, making it clear that it was not intended to interfere with that power; and then, operating not by restriction, but by enlargement, it provides that such disposition among widow and issue, or either of them, will be carried into effect notwithstanding the insolvency of the estate; thus enlarging, not restricting, the power of the testator to withdraw in certain cases such money from liability for payment of the testator's debts.

Interest should be allowed from February 16, 1886; the money was then collected and became payable immediately; demand of payment is not necessary to entitle the legatee to interest.

*G. F. McQuillan and W. H. Looney,* for defendants.

Counsel cited: *Hathaway* v. *Sherman,* 61 Maine, 466; *Blouin* v. *Phaneuf,* 81 Id. 176.

It is true that in *Hathaway* v. *Sherman,* and *Blouin* v. *Phaneuf,* the court expressed no direct opinion as to whether a solvent testator could bequeath to any one other than his widow or issue, in case either survived him, the proceeds of life insurance policies, but the reasoning in *Hathaway* v. *Sherman* applies with equal force to a solvent testator.

Why should c. 75, § 10 apply to an insolvent and not to a solvent estate? What sound reason can be given for such a discrimination? Is it because in an insolvent estate the widow and issue will be deprived of all means of support and maintenance unless the proceeds of life insurance is given them? But an estate might be solvent, and yet the widow and issue would, unless property · of this kind came to them, be deprived of all means of support, because there might as frequently happens, be only enough in the estate to pay the costs of administration and debts of the deceased. So that this argument has no foundation.

FOSTER, J. Action of debt for a legacy, against the defendants as administrators *de bonis non* with the will annexed. That the estate of the testator is solvent is admitted, as also the receipt of $308 by the executor from an insurance policy belonging to the estate of the testator, and a demand for payment of the same upon these defendants.

The only question for determination is whether it is competent for a solvent testator, having a wife but no children, to dispose by will of insurance money, coming to his estate at his decease, to a person other than his wife, his intention so to do being clearly and definitely expressed in the will.

This precise question has never before been presented to or decided by this court.

The only cases where any reference to this question has been raised are those of *Hathaway* v. *Sherman,* 61 Maine, 466, and *Blouin* v. *Phaneuf,* 81 Maine, 176; but in neither of which was it decided.

The former was a case where the testator died insolvent, and the court there decided that the insolvent could make no testamentary disposition of the fund accruing from an insurance policy upon his life where he left neither widow nor child, the insurance money in that event being assets for the payment of debts; and in the event of his leaving a widow and children, that it was competent for him to bequeath the insurance money among them in such proportion as he might see fit, but he could not bestow it by will upon other persons.

The latter case was where the estate of the testator was solvent, but the court found no occasion to decide this precise question, inasmuch as in that case there was no such well declared intention thus to dispose of it as the law requires,—and in both it was held that the testator's intention thus to dispose of it must be explicitly declared, and could not be inferred from general provisions in the will, the fulfilment of which might require the use of such money.

In the present case, however, no difficulty is encountered in reference to the intention of the testator as to the disposition he intended to make of the money accruing from insurance upon his life, for, after a bequest to his wife of one half his personal estate "with the exception of what may be collected from policies of life insurance," by the fifth item of his will he makes a specific bequest of the same in this language: "Fifth: I give and devise all my interest in any and all life insurance policies to Warren Hamilton, of Sabattus, in the state of Maine."

That it was the intention of the testator to change the direction which the law would otherwise give to this species of property in accordance with § 10, c. 75, R. S., there can be no doubt.

Will the law uphold such a testamentary disposition of this money thus accruing, or must the statute to which we have referred be considered as limiting the power of the testator over it on account of his leaving a widow or issue?

We have no doubt upon this question as now presented. It was competent for the testator to make such disposition of the fund as he chose inasmuch as his estate was solvent, notwithstanding he left a widow.

There is a general power given by statute to persons of sound mind, twenty-one years of age, to dispose of their real and personal estate by will, when not necessary for the payment of debts. R. S., c. 74, §§ 1, 7.

The limitation of such testamentary disposition to the widow or issue, as provided in § 10, c. 75, R. S., in respect to funds accruing from insurance on the life of the testator, applies only in cases where the estate is insolvent. When the estate is solvent, and the testator leaves a widow or issue, or both, he has the same power of disposition by will over such funds as he has over any other personal property belonging to his estate. But the intention of the testator to bequeath the same to others, including his widow or issue, must be explicitly declared by the terms of the will, otherwise it will not pass by the will, but will descend in accordance with § 10, c. 75, to which we have referred. *Blouin* v. *Phaneuf*, 81 Maine, 180.

The various provisions of statute bearing upon this question were so fully considered and discussed in the case of *Hathaway* v. *Sherman* that any further reference to them in this connection becomes unnecessary. In that case the subject for consideration related to an insolvent estate, yet anticipating that the question now before the court might sometime arise, and as foreshadowing the result, to which, in such event, the court would probably arrive, BARROWS, J., in the course of the opinion saw fit to make use of this language : "If it be held that under the general statute authorizing the disposition of property by will a solvent testator, or one whose estate would be solvent with the addition of the fund thus created, may authorize his executor to use this fund for the payment of his debts, and otherwise dispose of it in a manner different from that which the law contemplates or will allow in the case of an insolvent estate, we think, in order to effect his object, the testator must use language directly significant of his intention in this respect ; that, classed by the legislature as this fund is, it is not to be appropriated to the payment of debts or of any pecuniary legacies couched in general terms merely, even to the widows or children, unless it is expressly referred to as the fund from which payment is to be made, and

that it does not pass by any general residuary clause ; in short, that the testator's intention to change the direction which the law gives to this very peculiar species of property, is not to be inferred from general provisions in his will the fulfilment of which might require the use of such money, but must be explicitly declared."

The plaintiff, as legatee, is entitled to maintain this action against the defendants to recover the amount which is admitted to have come into their hands from the policies under the specific bequest thereof in the will of the testator. R. S., c. 65, § 31. *Smith* v. *Lambert*, 30 Maine, 137, 143 ; *Holt* v. *Libby*, 80 Maine, 329 ; *Harlow* v. *Dehon*, 111 Mass. 195, 199 ; *Allen* v. *Edwards*, 136 Mass. 138, 142.

The plaintiff is also entitled to interest upon this legacy from such time as, either by the will or by the rules of law, it became due, and ought to have been paid. No time of payment was designated by the will. The statute is silent upon the question as to when pecuniary legacies shall be paid. Inasmuch as the case as presented calls for a decision upon the matter of interest on this legacy, and as interest is to be allowed from the time it became payable, it may be stated as a general rule, subject of course to some exceptions, that pecuniary legacies are payable in one year after the death of the testator when no time of payment is specified in the will, and there are assets belonging to the estate subject to such legacies. This will be found to be settled by numerous decisions, both ancient and modern, and the rule that prevails generally. *Smith* v. *Lambert*, 30 Maine, 140 ; *Kent* v. *Dunham*, 106 Mass. 586 ; *Brooks* v. *Lynde*, 7 Allen, 64, 67 ; *Rotch* v. *Emerson*, 105 Mass. 434-5 ; *Loring* v. *Woodward*, 41 N. H. 391 ; *Rice* v. *Boston Port and Seaman's Aid Society*, 56 N. H. 191 ; *Smell* v. *Dee*, 2 Salk. 415 ; *Marsh* v. *Hague*, 1 Edw. Ch. 174 ; *Sullivan* v. *Winthrop*, 1 Sum. 1 ; *Bradner* v. *Faulkner*, 12 N. Y. 472 ; 2 Wm. Exrs. 1124* and cases there cited; 3 Redf. on Wills, 312 ; *2 Redf. on Wills, 466* and numerous cases cited. By all the authorities it is laid down that interest is allowed as incident to the legacy after it becomes due, and not as a charge upon the executor personally on the ground of neglect or delay in its pay-

ment; nor is any demand necessary for payment in order to entitle the legatee to interest. And the general rule may thus be given,— that a pecuniary legacy, payable generally, without designation as to time of payment, is payable at the end of one year from the death of the testator without interest; and that if not then paid, it bears interest after the expiration of the year. In support of this rule the foregoing authorities may be noted, and many others referred to therein which it is unnecessary to cite.

In this case it appears that the testator died December 31, 1885. An executor was appointed and the money received by him from the insurance company within a few months after the testator's decease.

*Judgment for plaintiff for $308, and interest thereon from Dec. 31, 1886.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.