MERRILL TRUST CO. AND VINAL SMART, EXECUTORS UNDER THE WILL OF JAMES A. DUNNING, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38803. Promulgated December 30, 1930.

*Herbert J. Connell, Esq.*, for the petitioners.
*John E. Marshall, Esq.*, for the respondent.

OPINION.

SMITH: The only question for our determination in this proceeding is whether six insurance policies taken out by the decedent upon his own life during the years 1922, 1923, and 1924, prior to the effective date of the Revenue Act of 1924, and payable to the decedent's administrators, executors, or assigns, the decedent having the right to change the beneficiary up to the date of death, should be included in the value of the gross estate. The value of these policies at the date of death was the amount determined by the Commissioner, namely, $50,426.90. The value of all of the insurance policies upon the life of the decedent was $55,492.24. The petitioners contend that only $15,492.24, or the excess of the total value of all over $40,000, should be included in the gross estate.

Section 302 of the Revenue Act of 1924, the applicable statute, provides:

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\* \* \* \* \* \* \*

(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.

Subdivision (g) of section 302 of the Revenue Act of 1924 is identical with subdivision (f) of section 402 of the Revenue Acts of 1918 and 1921. The provision first came into the estate-tax law in the Revenue Act of 1918. In Report No. 767, constituting the Ways and Means Committee Report on the bill which later became the Revenue Act of 1918, the Committee said at page 42:

The gross estate section has been amended to specifically include (1) insurance receivable by the executor under policies taken out by the decedent upon his own life and (2) insurance in excess of $40,000 receivable by all specific beneficiaries under policies taken out by the decedent upon his own

life. (1) Insurance payable to the executor or to the estate is now regarded as falling within section 202(a) of the existing statute and this construction of the existing statute is now written into the new bill for the sake of clearness. The amendment will serve the further purpose of putting on notice those who acquaint themselves with the statute for the purpose of making more definite plans for the disposition of their property. (2) The provision with respect to the specific beneficiaries has been included for the reason that insurance payable to such beneficiaries usually passes under a contract to which the insurance company and the individual beneficiary are the parties in interest and over which the executor exercises no control. Amounts passing in this way are not liable for expenses of administration or debts of the decedent and therefore do not fall within the existing provisions defining the gross estate. * * *

The petitioners contend that although the insurance payable under the policies in question was payable to the decedent's executors, administrators, or assigns, nevertheless, it was not " receivable by the executor" within the meaning of the taxing statute, since under the laws of the State of Maine the proceeds of such policies do not constitute a part of the estate except for the last three years' premiums with interest, provided there is a widow or issue, and that if there be a widow or issue the insurance, less three years' premiums and interest, is to be collected by the executor and distributed by him as directed by the statute to the widow and next of kin.

The statutory enactments of the Legislature of Maine in force at the date of the death of the decedent, relating to the disposal of life insurance and its status in the administration of estates, cited by counsel for the petitioners as supporting their contentions, read as follows:

Money received for insurance on the life of any person dying intestate, deducting the premium paid therefor within three years with interest, does not constitute a part of the estate of such person for the payment of debts, or for purposes specified in section one of chapter seventy-one, when the intestate leaves a widow, or widower, or issue, but descends, one-third to the widow or widower, and the remainder to the issue; if no issue, the whole to the widow or widower, and if no widow or widower, the whole to the issue. It may be disposed of by will; * * *

The following articles shall be omitted in making the inventory, and shall not be administered upon as assets:

IV. Any money becoming due on the death of the deceased from an insurance on his life effected by him, after deducting the amount of premium paid therefor within three years, with interest, provided, that such deceased left a widow or issue: but such money shall be disposed of as provided by section twenty-one of chapter eighty. (Revised Statutes of Maine, 1916, chap. 68, § 50.)

The petitioners cite many decisions of the courts of Maine to the effect that the proceeds of insurance policies payable to an executor or administrator are not in certain situations liable for the debts of the decedent where the decedent leaves a surviving spouse or issue. *Hathaway* v. *Sherman*, 61 Me. 466; *Blouin* v. *Phaneuf*, 81 Me. 176; *Hamilton* v. *McQuillan*, 82 Me. 204.

An inspection of the Maine statutes shows that in the case of intestate estates and insolvent estates money receivable by the administrator or executor is not liable to the debts of the decedent. But the decedent in the instant proceeding died testate and solvent. The decedent had the right to dispose of the life insurance payable to his estate by will. In his will he designated the persons to whom his estate should pass after the payment of just debts and charges against his estate.

Section 302 of the Revenue Act of 1924 requires the inclusion in the gross estate of the value of insurance under policies taken out by the decedent upon his own life to the extent of the amount receivable by the executor. The action of the Commissioner in including in the gross estate of the decedent $50,426.90 as the value of the insurance receivable by the executor was in accordance with the law. His action is therefore sustained.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*