TURNERS FALLS FIRE DISTRICT *vs.* MILLERS FALLS WATER
SUPPLY DISTRICT.

Franklin. September 19, 1905. — October 18, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Constitutional Law. Statute,* Construction. *Equity Jurisdiction. Water Supply. Turners Falls Fire District. Millers Falls Water Supply District.*

Whether the Legislature constitutionally can increase the obligation of a fire district, which having authority to maintain a water supply has made a contract to furnish water to a water supply district established and defined by statute, by a later statute extending the boundaries of the water supply district and providing that the existing contract shall apply to the additional territory, *quære.*

Under St. 1896, c. 150, § 3, the Turners Falls Fire District made a contract to supply with water the Millers Falls Water Supply District, which then by § 1 of

the same statute included certain territory there described wholly within the town of Montague. St. 1902, c. 500, extended the limits of the Millers Falls Water Supply District by including in it certain additional territory in the town of Erving. *Held,* that the last named statute did not affect the contract between the two corporations or extend the territory to which it applied.

A *quasi* municipal corporation with authority to maintain a water supply, having a contract with another similar corporation to supply it with water for a certain defined territory, can maintain a suit in equity to restrain the other corporation, which wrongfully claims the right to be supplied with water for a larger territory, from using more water than it is entitled to under the contract.

A demurrer to a bill in equity can be sustained on the ground of laches only when laches is disclosed by the averments of the bill.

BILL IN EQUITY, filed December 30, 1904, to restrain the defendant from taking or using any of the water furnished by the plaintiff for use in that part of the defendant's territory lying in the town of Erving, praying also for damages for water unlawfully taken and used, and for further relief.

The defendant demurred. The Superior Court sustained the demurrer, and ordered that the bill be dismissed, with costs to the defendant. The plaintiff appealed. The questions raised by the demurrer and appeal appear in the opinion.

*D. Malone,* (*C. N. Stoddard* with him,) for the plaintiff.

*W. A. Davenport,* for the defendant.

KNOWLTON, C. J. The plaintiff is a *quasi* municipal corporation, which by the St. 1886, c. 266, was given the power to supply itself and its inhabitants with water, and the defendant is a similar corporation, organized under St. 1896, c. 150. Acting under the authority of § 3 of the last mentioned statute, the plaintiff made a contract in writing with the defendant to supply it with water for use throughout the district, to be paid for at a certain price per thousand gallons. When this contract was made the territory of the defendant was all within the town of Montague, and the contract calls for a supply of water only for use within the limits of the district. Neither the plaintiff nor the defendant had any legal right to supply water to be used outside of the town of Montague. *Smith* v. *Stoughton,* 185 Mass. 329. Under St. 1902, c. 500, the defendant was authorized to extend its limits so as to include certain designated territory in the town of Erving. The limit of the defendant's district having been so extended, the defendant extended its water pipes into the town of Erving, and has since been using water fur-

nished by the plaintiff, to supply inhabitants of that town. The bill is brought to enjoin the defendant from using the water to supply that part of the district which was added under the St. 1902, c. 500. From a decree sustaining the defendant's demurrer and dismissing the bill, the plaintiff appeals.

No one would contend that the contract, when executed, gave the defendant any right to water, except for use in the district as it then was. The territory for which the water was to be supplied was fixed definitely by the contract, and it includes no part of the town of Erving. The defendant's contention is that when its territory was enlarged the contract also was enlarged, so that the plaintiff is obliged to furnish water for use in another place. There is nothing in the contract itself on which such a contention can be founded, for its language does not indicate that the enlargement of the district to include a part of another town was then thought of. The question is, therefore, whether the statute changed the contract, so as to put an additional burden upon the plaintiff. This question may be divided into two parts, first, whether it was within the constitutional authority of the Legislature so to change the contract, and, secondly, whether the statute purports to change it.

It is in the power of the Legislature to change the boundaries of counties, towns and cities, and, incidentally to the exercise of this power, to make provisions for the transfer of property and the payment of debts by such corporations. *Stone* v. *Charlestown*, 114 Mass. 214. While the pecuniary interests of the taxpayers may be affected to some extent by legislation of this kind within the limits of constitutional authority, it is at least very doubtful whether the Legislature could constitutionally increase the contractual obligation of a *quasi* municipal corporation which had agreed to furnish water to another similar corporation, by extending the boundaries of the latter into another town, and providing that the contract should apply to the additional territory. Const. U. S. art. 1, § 10. Without intimating that the statute before us would be constitutional if it made such a provision, we are of opinion that it was not intended to affect the rights of either party under the contract. It contains no reference to the contract, and there is nothing in it to indicate that the Legislature had any knowledge of the contract. If it were intended to

change the contract and put an additional burden on the plaintiff, we should expect to find a plain provision to that effect. In § 2, authority is given to issue bonds "for the purpose of enlarging and extending its water works." In this there is no implication that it could enlarge and extend them, otherwise than by making new arrangements to that end, including provisions for an additional supply of water.

The defendant is continually using and threatening to use water belonging to the plaintiff, in a way that makes it difficult, if not impossible, for the plaintiff to determine how much is wrongfully used, or to interrupt the wrongful use, without breaking its contract as to the supply for the original territory. This entitles the plaintiff to equitable relief. The remedy at law would be inadequate.

The defendant contends that the demurrer should be sustained on the ground of laches; but the bill does not show laches. It is only when laches appears upon the averments of the bill that a demurrer can be sustained on this ground. It may be that there are good reasons why the plaintiff should not be charged with neglect in not having brought its suit earlier.

*Decree reversed; demurrer overruled.*