GEORGE F. MONAHAN & others *vs.* HARVARD BREWING COMPANY & others.

Suffolk.    March 10, 1922. — April 20, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, & CARROLL, JJ.

*Equity Pleading and Practice,* Demurrer. *Equity Jurisdiction,* Laches, Statute of limitations, Tender.

A demurrer to a bill in equity on the ground of laches will not be sustained if the laches do not appear from the allegations of the bill itself.

A demurrer to a bill in equity on the ground that it is barred by a statute of limitations will not be sustained unless the allegations of the bill clearly show that the statute is a bar.

A demurrer to a bill in equity to enforce specific performance of an agreement to reconvey real estate to the plaintiff in accordance with the provisions of an agreement in writing, which is based on an assertion that no sufficient tender was alleged in the bill, will not be sustained if the bill contains an allegation that the plaintiff was ready to pay the other party to the agreement any and all sums due him in accordance with its terms.

A bill in equity against a corporation and two individuals alleged in substance that the plaintiff permitted the corporation to foreclose a mortgage upon his real estate and allowed it to be purchased by one of its employees, a second

defendant, at an inadequate price, that the corporation agreed in writing to reconvey it to the plaintiff on the payment of a certain sum and that the plaintiff offered the sum required, but that the corporation had conveyed the property to the third defendant who took with notice. The bill sought a reconveyance upon payment of the sum required by the agreement in writing. The defendants demurred on the ground of a want of equity. *Held,* that the demurrer should be overruled.

BILL IN EQUITY, filed in the Superior Court on June 20, 1914, by George F. Monahan, Mary F. Monahan and Frank F. Monahan against Harvard Brewing Company, Harry C. Roberts and William H. Brown, and amended on June 2, 1919, and again on January 5, 1920, by the filing and allowance of a substitute bill.

The allegations of the substitute bill were in substance that on March 1, 1906, the plaintiffs were engaged in the liquor business in Boston and the defendant Harvard Brewing Company was engaged in the manufacture and wholesale distribution of its products known as "beers, ales and porters" and was desirous of increasing the sale of its products by securing a monopoly of all such sales made by the plaintiffs, and in consequence thereof entered into an agreement with the plaintiffs under the terms of which the plaintiffs were to have advanced to them by the defendant Harvard Brewing Company the sum of $8,000, for which they gave a promissory note "secured by a mortgage on real estate owned by the plaintiff;" that further, by the terms of the agreement, the plaintiffs were bound to the defendant not to sell any other domestic malt beverages, such as beers, ales and porters, and the defendant Harvard Brewing Company agreed to furnish to the plaintiffs good and merchantable beer, ale and porter at the regular prices charged to the Boston trade; that the mortgage was reduced in various ways to $2,000; that in the spring of 1908 the defendant Harvard Brewing Company informed the plaintiffs that it had been advised by the board of license commissioners of the city of Boston that the latter was averse to granting licenses to liquor dealers who had mortgaged their premises to brewers who held more than one mortgage on other liquor saloons in the city of Boston, and that, inasmuch as the Harvard Brewing Company held mortgages on very many saloons in Boston, which were licensed to sell liquor, it was necessary for them to make a change in the form of security which they held against the indebtedness of the plaintiffs, and they requested the plaintiffs to agree to permit

them to change their collateral from that of a mortgage on the premises to a deed, which would be held by some trusted employee of the defendant Harvard Brewing Company, which thereby would accomplish the purpose of deceiving the license board, and there would be no record that the Harvard Brewing Company had any claim against the plaintiffs; that consequently the defendant Harvard Brewing Company and the plaintiffs entered into an agreement by which the plaintiffs would permit the Harvard Brewing Company to go through the form of foreclosing the mortgage and transferring it into a deed, promising the plaintiffs that if they would aid the defendant in making this transfer by discouraging any bidders who might wish to bid the property in and keeping them away from the pretended auction, it, the Harvard Brewing Company, would hold the property for the plaintiff in the name of a trusted employee until such time as the arrangement between the Harvard Brewing Company and the plaintiffs, concerning the adjustment of the claims of the Harvard Brewing Company against the plaintiffs, were finally adjusted, at which time the defendant Harvard Brewing Company agreed to sell the property back to the plaintiff; that the Harvard Brewing Company agreed to give the plaintiffs an agreement in writing that they would carry out the terms of the agreement described; that the plaintiffs were to continue in the possession of the property, exactly as they had been, that they would not have to pay any rent to the Harvard Brewing Company, and that the plaintiffs were to consider themselves as having the same rights as they had as mortgagees under the mortgage of the premises; that thereafter the plaintiffs paid to the Harvard Brewing Company various sums of money for and on account of the amount due on said note and indebtedness to the Harvard Brewing Company, and also paid the taxes on the property as they became due and payable and continued to occupy the premises according to the agreement; that the Harvard Brewing Company on July 17, 1908, went through the form of selling the premises to one of its employees, the defendant Harry C. Roberts; that the property at that time was reasonably worth the sum of $10,000 and would have been bid in by other parties were it not for the fact that the plaintiff George F. Monahan, relying on the agreement and representations of the Harvard Brewing Company, attended the

sale and carried out his part of the agreement by dissuading, discouraging and preventing others who wished to bid and to secure the property for themselves; that, although the defendant Harvard Brewing Company agreed to put the terms of the agreement in writing, it fraudulently kept delaying and postponing the giving of such agreement by deceitfully representing to the plaintiff that it had already sent him such an agreement, and that it was not until May 10, 1911, that the plaintiff secured a written agreement from the defendant, reading as follows: "May 10, 1911. Mr. George F. Monahan, Boston:—If you will pay the Harvard Brewing Company the sum of $2350, with interest & redeem the premises of Friend Street purchased for said Company at foreclosure sale, and also pay the balance due on $^{a}/c$ of judgment obtained by said company against you, said balance now amounting to about $1400 and interest, I will have reconveyed to you the interests acquired in said foreclosure sale. This is only an approximate figure. Yours very truly, Rogers Dow, attorney for Harvard Brewing Company."

On August 1, 1911, the plaintiff George F. Monahan accepted the offer contained in the foregoing letter and requested the Harvard Brewing Company to carry out the terms of its agreement by tendering to the Harvard Brewing Company the sum of money required; but the Harvard Brewing Company then informed the plaintiff that it was temporarily unable to carry out its agreement because it had been notified by one Martin that he claimed title to the property on Friend Street and that he contemplated testing out the title in the Land Court; that in consequence thereof the Harvard Brewing Company requested the plaintiff to give them until such time as the Land Court would require to decide on the question of the claim of Martin, and the Harvard Brewing Company requested the plaintiff George F. Monahan to retain the money which he had tendered until the decision was rendered by the Land Court; that the petition was entered in the Land Court, and in the Spring of 1913 was denied under the title of *Walcott* v. *Robinson* as reported in 214 Mass. 172; that immediately upon receiving notice thereof, the plaintiff George F. Monahan tendered to the Harvard Brewing Company the sum of $5,500 to cover the amount set forth as due them from the plaintiffs, in accordance with the agreement of

May 10, 1911, but the Harvard Brewing Company refused to take the sum, stating that a few weeks before, on April 8, 1913, they had sold the property in question for $3,500, through their agent Harry C. Roberts, to the defendant William H. Brown, although the Harvard Brewing Company well knew at that time that the property was worth approximately over $10,000; that William H. Brown and his attorneys and agents well knew and had reason to know that the Harvard Brewing Company and Harry C. Roberts held the property under an agreement with the plaintiffs and had agreed in writing to transfer it to the plaintiffs and that the Harvard Brewing Company and Harry C. Roberts had no right to sell the property to anybody except the plaintiffs and that the agreement was to be performed by the Harvard Brewing Company immediately upon the decision by the Supreme Judicial Court on questions concerning the title to the property; that the Harvard Brewing Company and Harry C. Roberts, intending to injure the plaintiffs, fraudulently conveyed to Brown the property in question in violation of the terms of their written agreement to transfer it to the plaintiffs, although they well knew at the time that the plaintiffs had accepted and offered and were ready to proceed with the terms and to pay the Harvard Brewing Company the sums of money set forth in the letter of May 10, 1911, thereby fraudulently, intentionally and wilfully disregarding and violating the terms of their aforesaid written agreement. "And your plaintiffs further say that they are willing and ready to pay said Harvard Brewing Company any and all sums of money due them in accordance with the terms of the" letter of May 10, 1911.

The prayers of the bill were for a decree directing William H. Brown to convey to Harvard Brewing Company or Harry C. Roberts the property in question, and "that there shall be an accounting between said Harvard Brewing Company and your plaintiffs of the amount which is due and owing to the defendant Harvard Brewing Company;" that the Harvard Brewing Company shall be ordered to convey the property to the plaintiffs "by payment which shall be found to be then due the said Harvard Brewing Company," and for damages.

The defendants jointly demurred to the bill on the following grounds:

"1. That the plaintiffs have not stated in their bill such a cause as entitles them to any relief in equity against these defendants.

"2. That the agreement set forth in the plaintiffs' bill of complaint is not in writing, and cannot be enforced, by reason of the provisions of the statute of frauds, R. L. c. 74, § 1.

"3. The cause of action set forth in the plaintiffs' bill of complaint is barred by the statute of limitations.

"4. The plaintiffs' right to maintain the action is barred by laches."

The demurrer was heard by *Fox*, J., by whose order an interlocutory decree was entered overruling it; and, at the request of the parties and being of opinion that his ruling and decree so affected the merits of the controversy that the questions ought to be determined before further proceedings in this suit, he reported the suit to this court for determination.

*J. E. Kelley*, for the defendant William H. Brown.

*J. F. O'Connell, J. E. O'Connell & D. T. O'Connell*, for the plaintiffs, submitted a brief.

CARROLL, J. In this bill in equity, the plaintiffs prayed that the defendant Brown be restrained from selling or mortgaging the real estate described in the bill, and that all the defendants be ordered to convey the property to the plaintiffs, on payment of the amount found to be due the Harvard Brewing Company, one of the defendants. The defendant Brown demurred on the ground of the plaintiffs' laches, the statute of limitations, and that the offer of the plaintiffs alleged in their bill did not constitute a legal tender as required by law in proceedings for the redemption of mortgaged property. In the Superior Court the demurrer was overruled and the case reported to this court.

If the laches of the plaintiffs was apparent on the face of the bill, this was good ground for demurrer. *Turners Falls Fire District* v. *Millers Falls Water Supply District*, 189 Mass. 263, 266. *Sampson* v. *Sampson*, 223 Mass. 451, 457. It did not however appear on the bill itself, and while the defendant could allege in his answer facts tending to show the plaintiffs' laches, it was not so clearly stated in the bill as to make it demurrable. See Story, Eq. Pl. §§ 446, 448. It does not appear from the bill that the plaintiffs' claim was barred by the statute of limitations,

and the contention that the proceedings were not brought within six years after foreclosure by sale and entry, is not, for this reason, open to the defendant on demurrer.

The defendant Brown also demurred on the ground that a sufficient tender under R. L. c. 187, § 21, was not made and that this appeared on the face of the bill. Even in a bill to redeem it is not always necessary to allege that a tender has been made under R. L. c. 187, §§ 19, 20, 21. A strict tender may not be required, but a general offer to pay the balance due is sufficient under the statute. *Donohue* v. *Chase*, 139 Mass. 407, 409. In addition to this, the plaintiffs' bill was not one to redeem only; it was in part a bill for specific performance.

We see no reason why the defendant's demurrer should be sustained. The decree of the Superior Court overruling it must be affirmed.

*Ordered accordingly.*