GEORGE F. MONAHAN & others *vs.* HARVARD BREWING COMPANY & others.

Suffolk.     January 15, 1923. — March 2, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Equity Pleading and Practice*, Dismissal of bill.

The plaintiff in a bill in equity against a corporation and two individuals alleged in substance that the plaintiff permitted the corporation to foreclose a mortgage upon his real estate and allowed it to be purchased by one of the corporation's employees, the second defendant, at an inadequate price, that the corporation agreed in writing to reconvey the real estate to the plaintiff on the payment of a certain sum and that the plaintiff had offered to it the sum required, but that the corporation had caused the property to be conveyed to the third defendant, who knew and had reason to know that the other defendants had no right to sell it to any one other than the plaintiff. The prayers of the bill were for an accounting between the plaintiff and the corporation, that the corporation be ordered to convey the property to the plaintiff upon the payment of what should be found then to be due to it, and that the third defendant convey to the corporation or to its employee, his grantor. With the consent of the plaintiff the bill was dismissed as to the corporation and as to its employee. The third defendant moved that the bill also be dismissed as to him. The motion was allowed, a final decree dismissing the bill also as to the third defendant was entered, and the plaintiff appealed. *Held*, that

(1) The dismissal of the suit as to the corporation equitably extinguished any derivative liability on the part of the third defendant;

(2) The decree dismissing the bill as to the third defendant was not shown to have been wrong.

BILL IN EQUITY, filed in the Superior Court on June 20, 1914, by George F. Monahan, Mary F. Monahan and Frank F. Monahan,

against Harvard Brewing Company, Harry C. Roberts and William H. Brown, and amended on June 2, 1919, and again on January 5, 1920, by the filing and allowance of a substituted bill.

The suit previously was before this court upon a report by a judge of the Superior Court of a ruling overruling demurrers to the substitute bill, and, by a decision reported in 241 Mass. 286, the decree was affirmed.

After the bill had been dismissed as to the defendants Harvard Brewing Company and Roberts, as described in the opinion, the defendant Brown moved that the bill be dismissed as to him. The motion was heard by *Wait*, J., and was allowed. The plaintiffs appealed.

*J. F. O'Connell*, (*E. B. Rowe* with him,) for the plaintiffs.

*J. E. Kelley*, for the defendant Brown.

De Courcy, J.  The allegations of the plaintiff's substitute bill are set out in substance in *Monahan* v. *Harvard Brewing Co.* 241 Mass. 286, where a demurrer to the bill was considered. It suffices to say here that it alleges that the Harvard Brewing Company, on July 17, 1908, foreclosed a mortgage on property of the plaintiffs, and conveyed the same to the defendant Roberts, one of its employees; that in violation of an oral promise and subsequent written memorandum to reconvey the property on certain terms, the brewing company through its agent Roberts sold the premises to the defendant Brown; and that Brown knew and had reason to know that the other defendants had no right to sell the property to any one except the plaintiffs, by reason of said agreement.  The bill prayed for an accounting between the plaintiffs and the Harvard Brewing Company; and that said company be ordered to convey the property to the plaintiffs upon the payment that should be found then to be due that company.  As to the defendant Brown, the prayers were that he be enjoined from disposing of the property and ordered to convey it to the brewing company or Roberts.

The decree overruling the demurrer was affirmed by this court in April, 1922.  On May 20, there was filed in the Superior Court a decree assented to by the attorney for the plaintiffs, dismissing the bill as to the defendants Harvard Brewing Company and Roberts.  In July the remaining defendant, William H. Brown, filed a motion that a decree be entered dismissing the bill, for

reasons therein set forth. The motion was allowed; a final decree was entered October 3, 1922, dismissing the bill, with costs: and the plaintiffs appealed therefrom.

The delay of the plaintiffs in prosecuting their suit might well be a ground for dismissing the case. The foreclosure was in 1908, the property was conveyed to Brown in 1913, the suit was begun in June, 1914, and there has been no hearing on the merits. But a more obvious basis for the action of the trial judge is the fact that, with the consent of the plaintiffs, the bill has been dismissed as to the principal defendant, the Harvard Brewing Company; and that corporation was dissolved July 31, 1920, as appears by the certificate of the Secretary of State of West Virginia — where the corporation was chartered. The entire claim of the plaintiffs is based upon the alleged breach of agreement by that corporation. The only allegation against the defendant Brown is that he bought the property, with knowledge or notice of said agreement. If Brown alone had been sued, he might well have insisted that the alleged wrongdoer be joined as a party, because interested in the subject matter of the suit. Further, if the plaintiffs had prevailed against all the original defendants, and Brown had been compelled to reconvey the property to the brewing company, as prayed for, the decree presumably would have protected his rights by ordering the return to him of the purchase money. The plaintiffs have now rendered relief to Brown impossible by reason of the discharge with their consent of the other defendants, and the subsequent dissolution of the real party liable. *Boston Tow Boat Co.* v. *Medford National Bank*, 228 Mass. 484. *Olds* v. *City Trust, Safe Deposit & Surety Co. of Philadelphia*, 185 Mass. 500, 505. The bill seeks to affect Brown with notice of the alleged breach of agreement by the Harvard Brewing Company, in order to obtain a reconveyance of the property which they claim is wrongfully withheld from them. The relief asked for from him is necessarily incidental to and dependent on the relief sought from the other original defendants. Under the frame of the bill the amount which the plaintiffs must pay in order to become entitled to a deed of the property is to be determined by an accounting taken between them and the Harvard Brewing Company. The dismissal of the case on the merits as against that corporation

and its dissolution have destroyed the possibility of suit against it, and equitably extinguished any derivative liability on the part of Brown. No case is stated on which he could be held liable in damages. We cannot say, from an examination of the record, that the trial judge was wrong.

*Decree affirmed with costs.*