## Ulrika J. Hermanson *vs.* Samuel Seppala.

Essex.    October 19, 1925. — May 26, 1926.

Present: Braley, Crosby, Carroll, & Sanderson, JJ.

*Equity Jurisdiction*, To relieve from fraud, To avoid deed of plaintiff when
  insane, Plaintiff's clean hands. *Insane Person. Guardian*, Ad litem.
  *Equity Pleading and Practice*, Bill, Demurrer.

A bill in equity contained allegations that the plaintiff, a woman, had
  owned certain real estate which had been conveyed to her by her
  husband; that, four years after such conveyance and after her husband
  had died, the defendant, with intention to deceive, falsely represented
  to the plaintiff that the real estate was subject to the administration
  of her husband's estate and would have to be taken away from the
  plaintiff and her children and sold, but that this might be avoided if
  the plaintiff would convey the premises to the defendant, and that he
  would execute an agreement to reconvey the premises to her at such
  time as she might desire; that the defendant knew the statements to be
  false; that the plaintiff, believing them to be true, relied upon them,
  and conveyed the property to the defendant for no consideration except
  his agreement to assume a mortgage on the premises; that the defendant
  executed no agreement to reconvey; that the plaintiff was insane at the
  time of executing the deed and not of sufficient mental capacity to
  understand her act and its consequences; that the defendant had re-
  fused to account for rents which he had collected, and threatened to
  evict the plaintiff.    The prayers of the bill were for an injunction re-
  straining such eviction, for an accounting, and for a cancellation of the
  deed or an order that a proper consideration for the deed be paid to
  the plaintiff.    The defendant demurred.    The demurrer was sustained,
  and the plaintiff appealed.    *Held*, that
      (1) The alleged false representations could be found to relate to a
  question of fact, namely, the right or title of the plaintiff to the real
  estate;
      (2) The bill might be maintained to set aside the deed as that of an
  insane person;
      (3) It could not be ruled as a matter of law on the allegations of the
  bill that the remedy at law was adequate and complete;
      (4) The bill was not multifarious in that it contained inconsistent
  alternative prayers;
      (5) A contention, that the plaintiff could not maintain the bill be-
  cause the conveyance was made to deprive the husband's heirs of any
  rights they might have in the property, was without merit, no purpose
  to defraud the heirs being alleged and proof of such purpose not being
  a necessary part of the plaintiff's case;

(6) The decree sustaining the demurrer was reversed and the demurrer was overruled.

In overruling the demurrer in the suit above described, *it was stated* that the matter was considered on its merits because it nowhere was alleged that the plaintiff continued to be insane at the time when the bill was brought; but that, if it should appear that she was now insane, no further proceedings should be had in the case until a guardian *ad litem* was appointed.

BILL IN EQUITY, filed in the Superior Court on May 1, 1924, and afterwards amended, and described in the opinion.

The defendant demurred on the grounds of want of equity, that the plaintiff had an adequate and complete remedy at law, the statute of frauds, that the bill did not contain as one of the essential elements of the fraud an allegation of misstatements of fact, and that the bill was multifarious in that it sought to obtain rescission on the ground of fraud, rescission on the ground of insanity, and specific performance of an agreement to reconvey. The demurrer was heard by *Morton*, J., by whose order there was entered a final decree sustaining the demurrer and dismissing the bill. The plaintiff appealed.

The case was submitted on briefs.

*J. G. Annala*, for the plaintiff.

*G. P. Davis*, for the defendant.

SANDERSON, J. Before August 16, 1919, the plaintiff owned certain real estate in Gloucester which was conveyed to her in 1915 by her then husband, Matty A. Williams, now deceased. The bill of complaint alleges that the defendant, with intention to deceive, falsely represented to the plaintiff that the real estate was subject to the administration of her husband's estate and would have to be taken away from the plaintiff and her children and sold, but that this might be avoided if the plaintiff would convey the premises to the defendant, and that he would execute an agreement to reconvey the premises to her at such time as she might desire; that the defendant knew the statements to be false; that the plaintiff, believing them to be true, relied upon them, and conveyed the property, worth $6,000, to the defendant for no consideration except his agreement to assume a mortgage on the premises for $1,850; and that the defendant

executed no agreement to reconvey. The bill of complaint also alleges that the plaintiff was insane at the time of executing the deed and not of sufficient mental capacity to understand her act and its consequences; that the defendant and plaintiff have occupied part of the property; that the defendant has collected rents from other tenants and has neglected to account for the amounts received, and has threatened to evict the plaintiff from the premises. The prayers are for an order enjoining the defendant from evicting the plaintiff, for an accounting, for cancellation of the deed or an order to pay fair consideration for the property, and for further relief. The demurrer admits the misrepresentations and the insanity, as well as other material facts well alleged.

The representations could be found to relate to "a question of fact, namely, the right or title of the plaintiff" to real estate. *Motherway* v. *Wall*, 168 Mass. 333, 338. "A representation concerning a man's private rights, though it may involve matters of law, is as a whole deemed to be a statement of fact." Pollock, Torts, (11th ed.) 287. ". . . certain words, such as ownership, marriage, settlement, etc., import both a conclusion of law and facts justifying it, so that, when asserted without explanation of what the facts relied on are, they assert the existence of facts sufficient to justify the conclusion." *Alton* v. *First National Bank of Webster*, 157 Mass. 341, 343. *Windram* v. *French*, 151 Mass. 547, 551. *Nash* v. *Minnesota Title Ins. & Trust Co.* 159 Mass. 437, 440. Fraudulent representations as to the legal effect of a deed are statements of fact and may be the ground of relief in equity. *Busiere* v. *Reilly*, 189 Mass. 518.

If the plaintiff was insane when the deed was executed, it is not a defence for the defendant to show that "he was ignorant of the fact, and practised no imposition. The fairness of the defendant's conduct cannot supply the plaintiff's want of capacity." *Seaver* v. *Phelps*, 11 Pick. 304, 305. A person deals with an insane person at his peril. *Brigham* v. *Fayerweather*, 144 Mass. 48, 51. "The deed of an insane person is ineffectual to convey a title to land, good against the grantor, or against his heirs and devisees, unless it is

confirmed by the grantor himself when of sound mind, or by his legally constituted guardian, or by his heirs or devisees." *Valpey* v. *Rea,* 130 Mass. 384. A bill in equity may be maintained to set aside a conveyance from an insane person. *Brigham* v. *Fayerweather,* 144 Mass. 48, 52. "In order to prevent equitable jurisdiction, the remedy at law must be plain and adequate, or, in other words, as practical and efficient to the ends of justice and its prompt administration as the remedy in equity." The protection of an injunction both as to eviction and conveyance is more effectual than notice of the action which might be filed in connection with a writ of entry. *Holden* v. *Hoyt,* 134 Mass. 181, 185. In equity a title may be obtained by a recorded decree. G. L. c. 183, §§ 43, 44.

A bill is not multifarious because it "contains inconsistent alternative prayers." *Ginn* v. *Almy,* 212 Mass. 486, 493. "The objection that a bill is multifarious is one upon which there is no inflexible rule, and the question whether the objection shall be sustained, must be determined largely by the circumstances of the particular case." *Bliss* v. *Parks,* 175 Mass. 539, 543. In the case to be decided all the grounds of relief are based upon the plaintiff's contention that the defendant holds a voidable title to the real estate and that certain other rights have arisen as an incident thereof. The demurrer cannot be sustained on the ground that the bill is multifarious.

The contention that the plaintiff cannot maintain the bill because the conveyance was made to deprive the husband's heirs of any rights which they might have in the property is without merit. The heirs had no claim to the property and the allegations in the bill do not state that the plaintiff had such a purpose. They go no farther than to say that the conveyance was made to prevent a sale of the property which the defendant represented would be required as a part of the administration of the husband's estate. The plaintiff's case does not depend upon proof of an oral agreement to reconvey. She is entitled to relief if she proves that the conveyance was obtained from her by the fraudulent representations alleged or obtained while she was mentally

incapable of understanding her act, or by the proof of both. No purpose to defraud the heirs is alleged, and proof of such purpose is not a necessary part of the plaintiff's case. *Lufkin* v. *Jakeman,* 188 Mass. 528, 531.

The demurrer has been considered on its merits, notwithstanding the allegation in the bill, admitted by the demurrer, that the plaintiff at the time of the execution of the deed was insane and did not have sufficient mental capacity to know or understand her act. It is nowhere alleged that she continued to be insane at the time when the bill was brought; but if it should appear that she is now insane, no further proceedings should be had in the case until a guardian *ad litem* is appointed.

> *Decree reversed.*
> *Demurrer overruled.*