SARAH A. PEASE *vs.* CHARLES PARSONS & others.

Franklin.    September 22, 1926. — April 5, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction,* To enjoin continuing trespass, Laches, Adequate remedy at law, To enjoin abuse of easement. *Equity Pleading and Practice,* Bill, Parties. *Attorney General. Way,* Private. *Proximate Cause.*

A woman, owning real estate in a town adjacent to land held by trustees in trust "to be forever kept open as a public playground for the use and benefit of all the public school children of . . . [the town], under the control and management of the trustees for the time being, upon which said trustees may erect such structures and fit up the same in such manner as shall best conduce to the purpose designed . . . " the trustees also having a right of way for teams to pass and repass over the land of the woman to a public way, brought a bill in equity against the trustees, in which she alleged that the defendants "have consented to, permitted and allowed" this land to be used by the public school children and by persons beyond the age of public school children for games of baseball, and that baseballs are thrown and batted upon her premises, injuring her garden, breaking windows in her house, interfering with her full use and enjoyment of her premises, and leading persons without right to enter upon her land and garden to recover the baseballs so thrown and driven and to do damage thereby; and that the defendants "have used, consented to, permitted and allowed" the right of way over her land unlawfully and without right to be used for purposes other than for teams to pass and repass by permitting large numbers of persons, in going to and from the playground, to use the way as a foot path; and "have consented to, permitted and allowed" automobile trucks to use the way. The prayers of the bill were that the defendants be enjoined from so operating or conducting the playground as to cause baseballs to fall or be thrown or batted upon her premises, and from using, permitting or allowing the right of way to be used for any other purpose than for teams to pass or repass. The defendant demurred. *Held,* that

(1) The two causes of complaint were so connected that there was no weight in an objection that the bill was multifarious;

(2) The court had jurisdiction of the subject matter, it not being

necessary to show irreparable damage since repeated trespasses were alleged, and the plaintiff's remedy at law not being so adequate and complete that equity should refuse jurisdiction;

(3) There was no lack of parties, the Attorney General not being the proper plaintiff to enforce such rights as the plaintiff was seeking to maintain;

(4) On the face of the bill, laches did not as a matter of law bar the plaintiff;

(5) As it did not appear that the damage suffered by the plaintiff by reason of the driving of baseballs on her premises was a necessary result of the layout or management of the playground by the defendants, the allegations of fact fell short of entitling the plaintiff to relief in regard thereto;

(6) The allegations of the bill with regard to the wrongful use of the right of way set forth a ground for relief in equity.

BILL IN EQUITY, filed in the Superior Court on June 10, 1926, and described in the opinion.

The defendants demurred. The demurrer was heard by *Irwin*, J., by whose order there were entered an interlocutory decree sustaining the demurrer and a final decree dismissing the bill. The plaintiff appealed.

The case was submitted on briefs.

*E. D. Getman*, for the plaintiff.

*W. A. Davenport & C. Fairhurst*, for the defendants.

WAIT, J. The defendants are owners of land in the town of Conway, which they hold in trust "to be forever kept open as a public playground for the use and benefit of all the public school children of Conway, under the control and management of the trustees for the time being, upon which said trustees may erect such structures and fit up the same in such manner as shall best conduce to the purposes designed . . . " and which, since May, 1916, had been used in accordance with the trust as a public playground. They also own, as appurtenant to this land, a right of way "for teams to pass and repass" over the land of the plaintiff to a public way. The plaintiff, owner of adjoining premises, complains that the defendants "have consented to, permitted and allowed" this land to be used by the public school children and by persons beyond the age of public school children for games of baseball, and that baseballs are thrown and batted upon her premises, injuring her garden, breaking windows in her

house, interfering with her full use and enjoyment of her premises, and leading persons without right to enter upon her land and garden to recover the baseballs so thrown and driven and to do damage thereby. She further complains that the defendants "have used, consented to, permitted and allowed" the right of way over her land unlawfully and without right to be used for purposes other than for teams to pass and repass by permitting large numbers of persons, in going to and from the playground, to use the way as a foot path; and "have consented to, permitted and allowed" automobile trucks to use the way. She prays that the defendants be enjoined from so operating or conducting the playground as to cause baseballs to fall or be thrown or batted upon her premises, and from using, permitting or allowing the right of way to be used for any other purpose than for teams to pass or repass.

The case is before us upon her appeal from an interlocutory decree sustaining a demurrer to the bill, and a final decree dismissing the bill.

The defendants set out many causes of demurrer. Two causes of complaint — permitting objectionable use of the premises for baseball, and wrongful use of the right of way by persons resorting to the playground — are set out in the bill; but they are so connected that there is no weight in the objection that the bill is multifarious. *Bliss* v. *Parks*, 175 Mass. 539, 543. *Hermanson* v. *Seppala*, 255 Mass. 607, 610. *Mesisco* v. *Giuliano*, 190 Mass. 352, cited by the defendants, is not controlling here.

This court has jurisdiction of the subject matter. *Stevens* v. *Rockport Granite Co.* 216 Mass. 486. Irreparable damage is not essential where repeated trespasses are alleged. *O'Brien* v. *Murphy*, 189 Mass. 353. The plaintiff's remedy at law is not so adequate and complete that equity should refuse jurisdiction. Damages in an action at law for such injury as she alleges would not prevent continued injury in the future. *Stevens* v. *Dedham*, 238 Mass. 487.

The bill is not directed to secure the performance of the terms of the trust for the public. The plaintiff is seeking a remedy against wrongs to her in her capacity as a landowner.

The Attorney General is not the proper plaintiff to enforce such rights as she is seeking to maintain.　Compare *Burbank* v. *Burbank*, 152 Mass. 254.

The bill alleges injuries arising since May 17, 1926, and was filed June 10, 1926.　It cannot properly be held that laches appears on the face of the bill.　If the date, 1926, is a clerical error, the delay admits of explanation, and no harm appears to have resulted to the defendants.　*Stewart* v. *Finkelstone*, 206 Mass. 28, 36.

These causes of demurrer are not well taken.

There remains only to consider whether a case entitling the plaintiff to relief has been stated.　The allegations in regard to injury caused by the driving of baseballs upon the plaintiff's premises fall short.　There is no allegation that the defendants themselves have batted or driven balls to the plaintiff's damage.　There is no allegation that they have so laid out the portion of their land to be used for games of baseball that a reasonable person would anticipate that balls would be batted upon the plaintiff's property in the ordinary course of the games.　There is no allegation that they can so manage and conduct the playground that no injury to the plaintiff will result.　The plaintiff stops with the assertion that she is informed and believes that they can.　There is no allegation that damage to the plaintiff's premises is a necessary consequence of the existing layout of the playground. We find no allegations setting out conditions created by them which call for action on their part, to guard against injury reasonably to be expected as a consequence of those conditions.　It is not what they have done that is complained of. It is what others have done and the defendants have not prevented.　Nothing is set out to show invitation or encouragement to those others to commit the injurious acts. Cases like *Bostock* v. *North Staffordshire Railway*, 5 DeG. & S. 584, *Rex* v. *Moore*, 3 B. & Ad. 184, *Walker* v. *Brewster*, L. R. 5 Eq. 25, *Chibnall* v. *Paul & Son*, 29 Wkly. Rep. 536, do not apply.　All that definitely appears is, that the defendants hold title to the playground.

The allegations with regard to the wrongful use of the right of way go further.　They charge a use by the defend-

ants, as well as a use by others "consented to, permitted and allowed" by the defendants.   If that use is a greater burden upon the servient estate than the deed conferring the easement granted, then the servient owner is entitled to the aid of equity to prevent it.   *Gray* v. *Cambridge*, 189 Mass. 405.

A general use of the plaintiff's land by the dominant owner and by large numbers of persons at his invitation to pass and repass on foot is, on its face, greater than a right merely "for teams to pass and repass."   See *Davenport* v. *Lamson*, 21 Pick. 72, 74; *Atwater* v. *Bodfish*, 11 Gray, 150.

Although the allegations are less specific and full than good pleading demands, the bill states a cause in equity.   The demurrer should have been overruled.

*Decree reversed.*