SARAH A. SHEA, executrix, *vs.* JOHN SHEA & another.

Essex.    December 2, 1935. — December 2, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Trust,* What constitutes. *Equity Jurisdiction,* To enforce trust, Laches. *Equity Pleading and Practice,* Bill, Demurrer.

A bill, whose averments adequately expressed a failure of the defendant to account for personal property held by him in trust, was not rendered multifarious by also including averments of conversion by the defendant of part of the trust funds and misrepresentations by him respecting the subject matter of the trust and of the result of such conversion and misrepresentations.

Averments, in a bill in equity by an executrix against a brother of the
testator for an accounting, that the defendant had occupied a position
of trust and confidence with respect to the testator's financial affairs
and had been entrusted with the care, management and custody of
practically all of his securities and money, and that the defendant had
deceived the testator and the plaintiff by false representations that
he had lost said property, which was still in his possession and con-
trol, set forth ground in equity for the relief sought.

The mere fact that a bill in equity whose averments set forth adequate
grounds for relief in equity also contained some averments which were
not in the form desirable in a bill in equity, did not justify the sus-
taining of a demurrer on that ground.

Laches as a bar to the maintenance of a suit in equity is constituted, not
by mere delay in bringing the suit, but by a delay which induces a
change of position of the defendant or injuriously affects his legal
rights.

Laches as a defence to a suit in equity against a trustee for an accounting
was not shown where delay in bringing the suit was caused by the
plaintiff's reasonable belief that false representations by the de-
fendant, that he had lost all the trust funds and all his own property
as well, were true and that it would be useless to proceed against him.

BILL IN EQUITY, filed in the Superior Court on March 21,
1935, and afterwards amended.

A demurrer of the defendant to the amended bill was
sustained by *Morton*, J., and by his order a final decree
dismissing the bill was entered.  The plaintiff appealed.

*T. A. Henry*, for the plaintiff.

*F. E. Shaw*, for the defendants.

DONAHUE, J.  The plaintiff, as executrix of the will of
her husband, Michael E. Shea, has brought this amended
bill in equity against her husband's brother, John Shea.
He demurred.  The demurrer was sustained by a judge of
the Superior Court on the following grounds stated in the
demurrer: that the plaintiff and her husband were guilty of
unreasonable delay and laches in bringing the bill, that the
plaintiff has not stated such a case as entitles her to relief
in equity, that the allegations are indefinite and conflicting
and do not disclose with clearness the causes of action in-
tended to be set forth, that the facts are not alleged with
substantial certainty, clearness and brevity, and that the
bill is multifarious.

Facts recited in the bill, which for the purposes of the
demurrer must be taken as admitted, are here set forth.

The decedent was engaged from 1898 until his death in 1928 in occupations and enterprises which were profitable. During that period his brother, hereinafter called the defendant, occupied a position of trust and confidence with respect to the decedent's financial affairs and was entrusted with the care, management and custody of practically all the securities and moneys of the decedent. They were treated by the brothers as the property of the decedent. The defendant accepted their care, custody and management in trust for the benefit of the decedent. The plaintiff was married to the decedent in 1911. He was then an invalid and from that time until his death was unable to do any work. He owned a lodging house in Lynn which was profitably managed for him by the plaintiff during that period. After the marriage the decedent told the plaintiff that she would be "well off" in the event of his death although he never stated to her the total amount of money and securities owned by him.

On several occasions in 1926 and 1927 the plaintiff heard the defendant and her husband discuss going to the bank to "fix things up" between them but for various reasons, including the illness of her husband, nothing was done about it. In December, 1927, the decedent told the defendant that he intended to move to Brookline, that it would be difficult for him thereafter to come to Lynn and that he wished to have the defendant go to the bank with him and "fix things up" before the removal to Brookline. This the defendant agreed to do. Later in the same month the defendant called at his brother's home and said that he had lost a key of some box at the bank, that the visit to the bank must be deferred until he found the key or got a new one and that as soon as he did so he would go to the bank with the decedent.

In January, 1928, the plaintiff and her husband moved to Brookline. The defendant came to their house in the latter part of February, 1928. He told them that all the securities and money of the decedent which had been entrusted to his care, management and custody were gone and that he had lost everything that he himself owned as

the result of an unfortunate chance he had taken in the stock market and other business reverses. The bill alleges that these statements were false and fraudulent and that the plaintiff and her husband were thereby deceived. The health of the decedent was further impaired upon learning that all his earnings and savings had been lost and he died on March 30, 1928.

The plaintiff was the sole beneficiary under her husband's will which she proceeded to probate. She was wholly deceived by the false and fraudulent representations which the defendant had made that he had lost all the property entrusted to him by the decedent and also all his own property. She filed in June, 1928, an inventory showing a bank deposit of $1,715.66 as all the assets of the deceased which had come to her possession and knowledge.

Until after August, 1934, the plaintiff had no knowledge that the defendant had not lost everything belonging to her husband and all his own property as he falsely and fraudulently represented in February, 1928. The defendant had not disclosed the fact that he had a safe deposit box or account in a bank in Lynn in his own name while he was entrusted with the property of the decedent.

On information and belief the plaintiff alleges in her bill that the defendant has enriched himself unjustly and has kept and converted to his own use assets that belong to the estate of the decedent to the value of from $25,000 to $40,000. The bill also alleges that the defendant now has money or securities of the decedent in a safe deposit box or account in the Lynn bank or in some other bank unknown to the plaintiff.

The bill adequately expresses as the grievance of the plaintiff, for which she seeks relief in equity, the failure of the defendant to account for property held by him in trust. The allegations as to misrepresentations and conversion of the fund and as to the result thereof deal with matters so closely connected with the primary grievance of the plaintiff that they do not justify holding the bill to be multifarious. *Pease* v. *Parsons*, 259 Mass. 86, 88. *Hermanson*

v. *Seppala,* 255 Mass. 607, 610.  *Digney* v. *Blanchard,* 226
Mass. 335, 339.  *Ginn* v. *Almy,* 212 Mass. 486, 493.

One ground of the defendant's demurrer is that the
plaintiff's bill does not state a case which entitles her to
relief in equity against the defendant.  A general demurrer
to a bill, thus founded, must be overruled if the bill sets
out facts calling for any equitable relief.  *Skolnick* v. *Green-
burg,* 230 Mass. 359, 361.  *Carleton & Hovey Co.* v. *Burns,*
285 Mass. 479, 484.  The bill alleges that the defendant
had been entrusted by his brother with money and securi-
ties which were still in the defendant's hands or under his
control when the bill was brought.  The facts alleged show
the creation and existence of a fiduciary relation between
the defendant and his brother and a breach of its obliga-
tions by the defendant.  This afforded the basis for equity
jurisdiction and the relief of an accounting.  *Pratt* v. *Tuttle,*
136 Mass. 233.  *Campbell* v. *Cook,* 193 Mass. 251, 256.
*Craine* v. *Royster,* 255 Mass. 118.  *Coffey* v. *Rady,* 267
Mass. 301, 304.  The demurrer, so far as based on the failure
to state facts warranting relief in equity, must be overruled.

Although some of the allegations in the bill are vague,
general and conflicting and lacking in the brevity and clarity
desirable in a bill in equity, the demurrer so far as based
on these and similar grounds must be overruled.  See
*Clair* v. *Colmes,* 245 Mass. 281, 284; *Pease* v. *Parsons,* 259
Mass. 86, 88.  The bill sufficiently alleges a fiduciary rela-
tion, a breach of its obligations by the defendant and his
present possession or control of the trust fund as if it were
his own.

. Another ground of the demurrer is that there has been
unreasonable delay and laches on the part of the decedent
and the plaintiff, as his executrix, in enforcing or attempt-
ing to enforce their rights against the defendant.  Whether
there has been laches is generally a question of fact, *McGrath*
v. *C. T. Sherer Co.* 291 Mass. 35, requiring a considera-
tion of all the circumstances attendant on delay in bringing
a suit in equity.  *Snow* v. *Boston Blank Book Manuf. Co.*
153 Mass. 456.  The question on demurrer is whether laches

appears on the face of the bill; if it does not so appear a bill is not demurrable on the ground of laches. *Monahan* v. *Harvard Brewing Co.* 241 Mass. 286, 291.

The explanation of the plaintiff of the delay in bringing the suit is the belief of the decedent and of the plaintiff in the false statement made by the defendant in February, 1928. Whether or not their belief in what the defendant told them was reasonable is a question of fact. For thirty years prior to February, 1928, the defendant had the care, custody and management of the decedent's savings and their accumulations. There is nothing in the record to indicate that the defendant up to February, 1928, did not act with the utmost fidelity and honesty. The confession made by the defendant in 1928 was not a true one but in the circumstances appearing it could be found that it was not unreasonable for the decedent and his wife to believe it. Hard as it must have been to learn from the lips of a trusted brother that he had financially ruined the decedent by mismanagement of the trust fund, it is not reasonable to hold that the decedent and his wife must have suspected that the brother's confession was false and made in furtherance of a plan to rob the decedent and to take as his own practically the entire fortune of the decedent. The defendant also told the decedent and his wife that he had similarly lost all his own property. In the circumstances appearing in the bill it can hardly be held that the belief of the decedent and his wife in the truth of this statement, and the conclusion that it would be of no avail to attempt to recover anything from the defendant, were unreasonable.

Where there is a contention that there has been laches through delay in bringing a suit, "Delay is chiefly of consequence when good faith requires vigilance in asserting one's rights." *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 339. The defence of laches is founded on principles of equity, and inequitable conduct of a defendant may be such as to make it unjust that he should have the advantage of such a defence. Where as here a defendant, to aid in the accomplishment of a fraudulent purpose, leads a plaintiff to believe true what in fact is false, and the plaintiff by

reason of that belief warrantably refrains from bringing a suit, the defendant who is responsible for the delay cannot successfully contend that there was a lack of vigilance on the part of the plaintiff.

It is not mere delay in the bringing of a suit but delay inducing a change of position of the defendant or injuriously affecting his legal rights that constitutes laches. *Carter* v. *Sullivan,* 281 Mass. 217, 227. *Alvord* v. *Bicknell,* 280 Mass. 567, 572. The failure of the plaintiff to bring the present suit earlier because of misrepresentations made by the defendant did not, on the facts appearing in the bill, cause any change in his position or prejudice his legal rights.

The demurrer on the ground of laches, as well as on the other grounds on which it was sustained, should have been overruled.

*Decrees reversed.*