No. 3060 Northern . Middlesex, ss.

AAAASI STORE FIXTURE CO., INC.

(Harold M. Linsky)

v. 1721 CLUB, INC. (Nathan Peikes)

From the District Court of Lowell—Eno, J.
Argued December 22, 1941—Opinion Filed January 12, 1942

PETTINGELL, J. (Jones, P.J. and Sullivan, J.)—Action of replevin. There was a finding for the plaintiff. The error alleged by the defendant is the denial of certain rulings requested by the defendant, as follows:

"1. That the evidence is sufficient to warrant a finding for the defendant *in replevin*."

"2. That the evidence is insufficient to warrant a finding for the plaintiff in replevin." °

"3. That the contract of sale upon which this action is brought, is illegal for the reason that it does not set out the gross purchase price as required by statute and plaintiff cannot prevail in this action."

"4. That the plaintiff failed to give the defendant a notice as required by the statute and it cannot prevail in this action."

"5. That the provisions of the contract are inconsistent and contrary to the requirements of G. L. Chapter 255, and the plaintiff cannot prevail in this action."

"6. That the contract is against public policy and is void, in that it attempts to restrict the remedy of the defendant for fraud of the plaintiff which induced the making of the contract."

"7. That the contract of sale is void for the reason that by its provisions it tends to oust the jurisdiction of the Court."

"8. A contract which violates a statutory provision relating thereto is illegal and particularly where a penalty is provided for such violation."

"10. The plaintiff failed to show title in it at the time of the issuance of the writ."

"11. A plaintiff claiming title and/or right to immediate possession under an assignment by a corporation must show (1) by whom the alleged assignment was executed, (2) that the person executing it had authority to act for the corporation, (3) that there was any ratification of his act by the corporation or its directors."

"12. That the defendant is entitled to an order for the return of the goods and for all the damages caused by the taking by the replevin, and for counsel fees and costs."

The trial judge made the following findings of fact:

"This is an action of replevin to recover certain articles of personal property sold to the defendant by the plaintiff under a conditional bill of sale. After the execution of the conditional bill of sale, the same was assigned, but the assignment was later cancelled and became again the property of the plaintiff before the bringing of its suit. I find that the articles were not "household goods" under G. L. c. 255 s. 13C, being for business purposes by the defendant corporation; that the defendant complained about some of the merchandise, but never gave any statutory notice to the plaintiff of any breach of any warranty; that the defendant used the goods until they were replevied; that the defendant failed to make payments as required by said conditional bill of sale, and was in default at the time the goods were replevied; that the defendant ratified the action of the president of the corporation in signing said conditional bill of sale by the use in its business of the articles covered by the same."

It is to be noted that not one of the requests denied raises any issue of the sufficiency of the evidence to warrant particular findings of fact. The first and second requests relate to the sufficiency of the evidence to warrant general findings but the subordinate findings of fact are unchallenged and must stand. As long as these findings of fact are beyond controversy, there was no error in the denial of the first and second requested rulings.

The trial judge has found as fact, as to which there was ample evidence, that the plaintiff sold and the defendant bought

the specified articles of personal property on a conditional sales agreement, and that the defendant did not make the payments required by the agreement. The agreement, executed by the defendant was produced at the trial by the plaintiff. Its possession by the party to the transaction, entitled to the possession of the document, is some evidence of the plaintiff's title to the property, so far as its right to sue on it is concerned. *Worcester Bank & Trust Co.* v. *Holbrook*, 287 Mass. 228. The marks of cancellation upon the document do not affect the instrument itself; they relate to assignments of it subsequent to its execution. The possession of the instrument by the plaintiff, with its explanation of the assignments and their subsequent cancellations, as to which there was no objection by the defendant, was sufficient, the plaintiff being a party to the instrument, to establish his right to sue upon it. No request raised any issue of the absence of proof of authority to make the cancellations or to return the instrument to the plaintiff. This issue is not open to the defendant. The first, second and twelfth requests were properly denied.

The third request was properly denied. Illegality is usually a question of fact. *Bilodeau* v. *Fitchburg & Leominster St. Ry.*, 236 Mass. 526, at 534. *Boyd* v. *Ellison*, 248 Mass. 250, at 253. *Scranton* v. *Crosby*, 298 Mass. 15, at 18. There was nothing here to take the issue out of application of the ordinary rules.

The defendant has shown absolutely nothing either of law or fact, to demonstrate that any kind of notice should have been given by the plaintiff. The only notice which has been mentioned is that required by G. L. C. 255, Section 12. That notice applies only to case of household furniture. The trial judge's finding of fact that the furniture described in the contract was not household furniture, makes the fourth and fifth requested rulings inapplicable. There was no error in their denial.

Neither has it shown in what way the contract was void as against public policy, or in what particular it tends to oust the jurisdiction of the courts. There is no evidence in the report bearing on these contentions. The sixth and seventh requests were for rulings of law not applicable to the case; the denials were proper.

The only statutory provision which has been specified as violated by the contract is G.L.C. 255 Section 12. It has been pointed out already that that statute does not apply to this case. The denial of the eighth requested ruling was not error.

The statutory provision just referred to is the only one which has been mentioned as violated by the contract. The finding that that statute does not apply to the case makes the denial of the eighth requested ruling proper.

Title is a question of fact. *Hermanson* v. *Seppala*, 255 Mass. 607. The tenth request was properly denied.

The eleventh request was properly denied. It assumes facts

which were not found by the trial judge. The title of the plaintiff was not based upon the assignments on the back of the lease but upon the original instrument. *Schmoll Fils & Co.* v. *S. L. Agoos Tanning Co.* 256 Mass. 159. The facts found by the trial judge render this request immaterial. *Cameron* v. *Buckley,* 299 Mass. 432.

No prejudicial error appearing, the report is to be dismissed.