SILAS A. BURGESS, administrator, *vs.* CHARLES G. KEYES, administrator.

A guardian lent money of his ward, took the borrower's note therefor, and died. His guardianship account was settled by his administrator, and he was charged therein with the whole trust fund, including the sum represented by the note. The new guardian refused to take the note in payment of a balance found due to the ward upon the settlement, and demanded money instead. The administrator then collected the note; and within two years after the collection, but more than two years after the administrator gave his bond, the new guardian sued him for said balance. *Held,* that the plaintiff's refusal to take the note was not a disclaimer or release of all the ward's right and interest in the note, without evidence that it was for some other reason than distrust of the sufficiency of the security; and that the special statute of limitations of suits against executors and administrators, Gen. Sts. c. 97, § 5, was no bar to the action.

CONTRACT, submitted on agreed facts to the determination of the superior court, which ordered judgment for the plaintiff, and the defendant appealed. The case is stated in the opinion.

*S. A. Burgess, pro se.*

*T. L. Nelson,* for the defendant.

WELLS, J. The plaintiff, as administrator *de bonis non* of the estate of Orville L. Johnson, sues the defendant as administrator of Seth Howland, to recover a balance due upon the guardianship account of Howland, as rendered by his administrator. At the time of Howland's decease, Johnson was his ward. There is no dispute about the amount of the balance, or that it is due unless barred by the statute of limitations relating to executors and administrators. It is conceded that it is so barred, unless the action can be maintained by reason of the fact that the defendant, as administrator of Howland's estate, collected $435.10, an amount larger than the balance now claimed, upon a certain note taken by Howland in his lifetime, payable to himself as guardian of said Johnson. This collection was made August 20, 1866. This action was brought August 14, 1868. If the note was charged, in the hands of the defendant, with a trust in favor of Johnson and his representatives, then the money received upon it is charged with a like trust; and the statute does not apply. In that case the plaintiff would be entitled to recover so much of the proceeds as is required to satisfy his claim under the trust, as

money had and received at that time by the defendant, to the use of the plaintiff. The suit may be maintained against him as administrator, because he collected the money on the note as administrator; but he is personally liable for it, and the plaintiff may, if he so elect, take judgment and execution against him *de bonis propriis*. The case must turn, therefore, upon the question of the rights of the respective parties in the note, at the time it was collected.

The case finds that the note was given for a loan, by the guardian, of a part of the money of the ward. The note itself discloses the trust. In the hands of Howland it was clearly the property of the ward. At his death, it passed properly into the hands of the defendant as administrator. In his hands, also, it was originally charged with the same trust, and properly omitted from the inventory of Howland's estate. *Farrelly* v. *Ladd*, 10 Allen, 127. *Bancroft* v. *Consen*, 13 Allen, 50. *Simmons* v. *Almy*, 100 Mass. 239.

The settlement of the guardianship account by the administrator ascertained the amount of the trust fund with which the guardian was chargeable. We assume, as most favorable to the defendant, not having the probate accounts before us, that the amount found due from the intestate was the whole amount of the trust fund, including that invested in notes as represented in the accompanying schedule; and not a balance uninvested, or for which the estate was liable absolutely. There appears to have been no order in regard to the sufficiency of the securities, or for their transfer to Nelson Potter, the new guardian. But Potter subsequently refused to accept this and other similar notes in payment of said balance of account, and demanded money instead thereof.

It is claimed that this was a disclaimer or release of all right and interest of the ward in those notes; and that they thereupon became vested in the administrator for the benefit of the estate of Howland; the claim of the ward being converted into a debt, which is barred by the statute. But in the opinion of a majority of the court this effect would not follow from such a refusal, and demand of money, without payment of the money. The burden

is on the defendant to show a change of the title or specific interest in the notes, from the ward to the defendant. It is not made to appear that Potter, the new guardian, intended to disclaim or release all right of his ward in the notes ; or that he declined to accept them in payment, otherwise than because they were unsatisfactory as securities. If the money of the ward had been lent improperly, or upon insufficient or doubtful security, the estate was liable for any loss thereby ; and Potter might properly refuse to accept the notes until the deficiency was made good. He was entitled to avail himself of whatever value there was in such securities, without accepting them in payment as proper investments of his ward's money ; and on the other hand he was entitled to hold the estate to its responsibility for the entire trust fund not properly invested, without surrendering the claim or right of his ward to any security which had been taken for it by the intestate. Either party might have required that the amount and value of the securities should be ascertained, by collection, sale or appraisement, so as to determine the exact amount of deficiency for which the estate should be chargeable ; and, upon proper application to the court, might have obtained an order to that effect. In the absence of such a proceeding, the administrator might properly proceed to collect the notes for the benefit of the trust, and thereby relieve and protect the estate in his hands, as far as possible, from loss on account of the insufficiency of the securities in which the trust fund had been invested by his intestate. It is true, the duties of the guardianship held by his intestate do not devolve upon an administrator. If the investments were properly made, so as to leave no liability for loss upon the estate of the deceased guardian, the administrator might insist upon his right to set them apart as the property of the ward, to be delivered to the ward or his proper representative, and his whole responsibility as administrator would then be discharged. But if the securities were doubtful, so as to afford ground for holding the estate, represented by him, responsible for loss, to a greater or less extent, it would be his duty to protect the estate as far as practicable from such liability. In such case, if the new guardian declined to accept the securities on account of the trust fund

it might be the duty of the administrator himself, as administrator, to undertake their collection, paying over the money to the guardian for the amount of the trust.

That course seems to have been adopted in this case; and we do not think the conduct of the parties in relation to the notes affords ground for the inference that the ward's interest in the notes was surrendered or released to the administrator. Indeed the guardian could not rightfully make such a release of his ward's rights of property. The estate of the ward then retained an interest in the notes, as investments of the ward's money, although not such as to exonerate the estate of the guardian from liability to make good the entire amount of the trust; and when the note in question was collected, it was the money of the ward, to be paid over to his administrator, except so far as previous advances entitled the defendant to retain any excess over the balance due upon the trust account. To the extent of that balance, to wit, $295.95, and interest from the date of the decree of the probate court settling the account, the plaintiff is entitled to recover. *Judgment accordingly.*