## ATTORNEY GENERAL. *vs.* RUFUS H. BRIGHAM, executor, & others.

Middlesex.    March 22. — July 2, 1886.    W. ALLEN & HOLMES, JJ., absent.

Money was contributed for the erection of a soldiers' monument in a town, and a committee was appointed to have charge of the fund, and to erect a monument when the fund should be sufficient therefor. B., who was the treasurer of the committee, deposited the money in a savings bank in his name as "treasurer of monument association." Afterwards he drew from the bank a part of the sum deposited, and appropriated it to his own use. He died subsequently; his will was duly proved, and an executor thereof appointed, who gave bond and due notice of his appointment. Upon B.'s death, C. was appointed treasurer of the committee; and, more than two years after B.'s executor gave bond, C. demanded of him payment of the sum misappropriated, which demand was refused. *Held*, on an information in equity by the Attorney General, at the relation of the committee, that, if the funds could be considered as given to a public charity, the proceeding, so far as it concerned the amount appropriated by B., was barred as to B.'s executor by the Pub. Sts. c. 136, § 9, limiting suits against executors to two years after the time of giving bond; and that it could not be maintained

against the heirs at law of B., or the town. *Held, also,* that, as all parties agreed, the plaintiff might take a decree that the fund in the bank be paid to the committee or to C., to be held for the purposes for which the money was contributed.

INFORMATION IN EQUITY, filed October 3, 1884, at the relation of a voluntary committee of citizens residing in the town of Hudson, against the executor of the will of Francis Brigham, his heirs at law, the Hudson Savings Bank, and the said town. The case was heard by *Morton,* C. J., and reported for the consideration of the full court. The facts appear in the opinion.

*G. A. King,* for the plaintiff.

*C. H. Welch,* for Hudson.

*J. G. Abbott,* (*W. H. H. Andrews* with him,) for the other defendants.

MORTON, C. J. The material facts in the case are as follows: In the years 1865 and 1866 a large number of individuals contributed money to create a fund for the erection of a monument to the soldiers who had died in the late war. A committee was appointed to have charge of the fund, and to erect a monument whenever it should, by accumulation, be sufficient therefor. Francis Brigham was one of the committee, and the treasurer thereof. He deposited the funds in the Hudson Savings Bank, in his name as " Treasurer of Monument Association." On July 11, 1877, the deposit amounted to about $2300, and on that day said Brigham drew from the savings bank the sum of $1500, and appropriated it to his own use. Said Brigham died on December 7, 1880; his will was duly proved; the defendant Rufus H. Brigham was duly appointed executor on November 1, 1881, and on the same day gave bond and due notice of his appointment. Upon the death of Francis Brigham, Luman T. Jefts, one of the relators, was appointed in his place as treasurer of the committee or association; and, on March 1, 1884, Jefts demanded of the said executor the payment of said sum of $1500 and interest, which demand was refused.

If we assume that the funds in question were given to a public charity, and that the Attorney General might, by an information in equity, enforce the due application of them, we are of opinion that this information cannot be maintained against the executor or the heirs of Francis Brigham, or the town of Hudson.

It does not allege any facts which would render the heirs liable under the Pub. Sts. c. 136, § 26; and it is clear that the town of Hudson has no interest whatever in the subject matter of the suit.

The principal question is whether the claim against Francis Brigham, which it is the object of the information to enforce, is barred by the special statute of limitations, which provides that "no executor or administrator, after having given due notice of his appointment, shall be held to answer to the suit of a creditor of the deceased, unless such suit is commenced within two years from the time of his giving bond for the discharge of his trust." Pub. Sts. c. 136, § 9.

Upon the facts of the case, we are of opinion that the relators, so far as regards the sum of $1500, cannot be regarded in any other light than as general creditors of the estate of the testator. This sum did not come into the hands of the executor as a separate sum held by the deceased as a trust. The money drawn from the bank was spent by the deceased, and did not come into the hands of the executor at all. He was bound to administer the assets which came to his possession according to law, and had no right to set apart a portion of the general assets and clothe it with a trust. If any specific property or fund held by the testator in trust came into the hands of the executor, he would be required to hold it for the use of the *cestuis que trust.* Such property would not be assets of the estate to be administered by him as executor. Of this character is the fund of about $800 now in the Savings Bank. It is not a part of the assets of Francis Brigham, but belongs to the relators in trust.

Mr. Justice Story states the rule of law with great clearness. He says: "Executors are charged with no more, in virtue of their office, than the administration of the assets of the testator. If, at the time of his death, there is any specific personal property in his hands, belonging to others, which he holds in trust, or otherwise, and it can be clearly traced and distinguished from the testator's own, such property, whether it be goods, securities, stock, or other things, is not assets to be applied in payment of his debts, or to be distributed among his heirs; but is to be held by the executors as the testator himself held it. But if the testator has money, or other property, in his hands, belonging to

others, whether in trust or otherwise, and it has no ear-mark, and is not distinguishable from the mass of his own property, the party must come in as a general creditor; and it falls within the description of assets of the testator." *Trecothick* v. *Austin*, 4 Mason, 16. This rule has been adopted and recognized in several cases by this court. *Johnson* v. *Ames*, 11 Pick. 173. *Harlow* v. *Dehon*, 111 Mass. 195. *Burgess* v. *Keyes*, 108 Mass. 43.

It may be that Francis Brigham, if he were living, could not avail himself of the general statute of limitations as a defence, because of the rule that the statute of limitations does not run in favor of a trustee until there has been an unequivocal repudiation and termination of the trust. But, upon his death, the relators became merely creditors of his estate, and fell within the provisions of the special statute limiting suits against executors to two years after the time of giving bond. For these reasons, the information must be dismissed as to the executor and the heirs, and as to the town of Hudson. But, as all parties agree, there is no objection to the plaintiff taking a decree that the balance in the hands of the Hudson Savings Bank be paid to the relators, or to said Jefts, the treasurer of the committee, to be held for the purposes for which the money was contributed.

*Decree accordingly.*