MARY E. O'BRIEN, executrix, *vs.* NEW ENGLAND TRUST COMPANY.

Suffolk.   January 13, 1903. — April 1, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Executor.   Sheriff.*

When a sheriff dies leaving a deposit in a trust company in his name as sheriff, and the deposit is shown to comprise certain money which belonged to him individually, other money in which various deputies are interested, and still other money

belonging to various parties to suits, who deposited it with him to secure him from liability in making attachments, and when the circumstances indicate, as to most of the money not his own, that he was to retain possession of it for his security, the executor of the sheriff is entitled to the entire fund for the purposes of administration and can recover it from the trust company in an action of contract.

CONTRACT by the executrix under the will of John B. O'Brien, late sheriff of the county of Suffolk, for a fund of about $16,000, deposited in his name as sheriff. Writ dated October 18, 1902.

The case was presented to the Superior Court upon an agreed statement of facts. That court gave judgment for the plaintiff in the sum of $16,847.50; and the defendant appealed.

*J. L. Stackpole*, for the defendant.

*H. R. Bailey*, for the plaintiff.

KNOWLTON, C. J.  The decision of this case depends upon the relations of John B. O'Brien in his lifetime to the money deposited with the defendant, and to the other persons interested in the money represented by these deposits. For the ascertainment of this we have the following facts, agreed to by the parties: "The said John B. O'Brien throughout his entire term of service was in constant receipt of various sums of money coming to him as sheriff from many different persons which it was necessary for him to keep until from time to time it became proper for him to pay over and distribute the same. Among such amounts was money received by him out of sums paid for the services of his several deputies, and amounts received by him in the way of deposits made to secure him from loss by reason of his deputies having made attachments of personal property or rendered other services liable to subject him or them to suits at law." We have also the further fact that about the year 1884 he opened an account with the defendant under the name of "John B. O'Brien, Sheriff", which continued to the time of his death in the year 1900, and during all this time he made frequent deposits and drew frequent checks in this name, making no disclosures to the defendant in regard to the interest of other persons in the account. It also appears from his accounts that about $10,000 of the amount on deposit at the time of his death was held for some of his deputies, about $3,000 was held for various other persons, and about $3,000 be-

longed to him, not as sheriff, but personally. At the time of his decease it was not yet time for the distribution of a part of the money represented by the account, the persons entitled to receive it and the amounts to be paid being in many cases still uncertain. No claim to any part of this money has been made by the county treasurer or by the sheriff's successor in office.

The moneys from which the fund was derived were evidently paid to Mr. O'Brien by many different persons at a great many different times, the amount of each payment to be held by him under the arrangement pertaining to it. Many of these sums seem to have been paid to him for his own security against liability which he was under, officially or otherwise. Each of these, doubtless, was received to be held as a pledge of which possession was to be retained for his security. As the payments were in money, and as there is nothing to indicate that these several sums were to be kept separate, and as he put them all together and mingled them with money to which he had an absolute title, it must have been expected that he would retain the money with an absolute right of control as if it were his own, holding himself accountable as a debtor to the persons to whom he ought ultimately to pay it. The facts agreed and the course of dealing do not indicate that each sum was to be kept in his charge as a trustee. We have no doubt that as to many, if not most of the payments, he was to retain the money until the time for settlement, with the title of a pledgee for his own security. His executrix succeeds to his rights in this particular.

As to the other payments as well as these, the natural inference is that he was authorized to mingle them with moneys held solely for his own benefit, using proper precautions for the protection and security of the persons interested in them, and to control them, being accountable only to pay over such sums as ought to be paid at the proper time to those for whose benefit they were held. Under such arrangements his executrix, after his death, succeeds to his right of possession as well as to his liability.

Her right to have this money and her duty to make proper payments are the same as if the money had been kept in his safe, the sums received from the various persons mingled together and mingled with money belonging to himself.

The defendant, under the contract with him as a depositor,

was bound to honor his checks, and is equally bound to honor the checks of his executrix unless it appears that rights of other persons intervene. It does not appear that any one else has a right to the possession of this deposit as a fund, or to any part of it, or that any one can lawfully interfere with the right of the executrix to control it for purposes of administration. *Sargent* v. *Sargent,* 168 Mass. 420. *Johnson* v. *Ames,* 11 Pick. 173. *Attorney General* v. *Brigham,* 142 Mass. 248. *Little* v. *Chadwick,* 151 Mass. 109. *Le Breton* v. *Peirce,* 2 Allen, 8, 13. This is an action at law founded on the contract between the defendant and the plaintiff's testator, and no facts are shown which relieve the defendant from liability.

*Judgment affirmed.*