MICHAEL F. MEAGHER *vs.* JAMES W. KIMBALL, special administrator, & others.

Suffolk.    December 2, 1914. — December 31, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Executor and Administrator. Trust. Savings Bank.*

Although a special administrator appointed under R. L. c. 137, § 9, who is authorized by § 10 to "commence and maintain suits" for the purpose of collecting and preserving the property of the deceased, is not given express authority by that section to defend suits, and although § 15 of the same chapter provides that "a special administrator shall not be liable to action by a creditor of the deceased," yet, where a suit in equity is brought to establish the beneficial ownership of a plaintiff in certain savings bank deposits which stood in the name of the deceased as trustee at the time of his death, and the Probate Court by a decree has authorized a special administrator appointed by that court to

appear and defend the suit, the Superior Court in which the suit is brought, on finding that the deposits are the property of the plaintiff, has authority to enter a decree ordering the special administrator to deliver the savings bank books to the plaintiff and ordering the banks thereupon to pay to the plaintiff the amounts of the deposits.

CROSBY, J. This is a bill in equity to establish a trust in two savings bank deposits represented by books of deposit standing in the name of "Thomas Meagher, Trustee for Michael F. Meagher." The trustee having died testate, the defendant Kimball has been appointed special administrator of his estate. An appeal from the allowance of the will by the Probate Court is now pending.

A judge of the Superior Court made certain findings of fact and has reported the case to this court.

He finds that all the essential allegations of the bill are proved, and specifically finds "that there was in the case of each deposit a perfected trust, and that the plaintiff is entitled to have the manual possession of the savings bank books and also a decree ordering the payment of the deposits now standing to the credit of Thomas Meagher, Trustee, account, paid over to the plaintiff upon surrender of said books."

The sole question is whether the Superior Court has power to enter a decree in favor of the plaintiff against the savings banks and the special administrator in accordance with the findings.

The judge found that the defendant Kimball was authorized by a decree of the Probate Court to appear and defend this suit. The powers and duties of a special administrator are defined by statute. He "shall collect all the personal property of the deceased and shall preserve the same for the executor or administrator when appointed, and for that purpose may commence and maintain suits." R. L. c. 137, §§ 9, 10. For the purpose of collecting and preserving the property, a special administrator may commence and maintain suits without special authorization from the Probate Court. The defendants contend that this suit cannot be maintained as there is no statute authorizing a special administrator to defend suits.

The Superior Court having found that the special administrator was authorized by decree of the Probate Court to appear and defend this suit, we are of opinion that it can be maintained.

R. L. c. 137, § 15, provides that "a special administrator shall not be liable to an action by a creditor of the deceased." The plaintiff is in no sense a creditor, nor does he claim as legatee or distributee, but as *cestui que trust* of moneys to the immediate payment of which he is entitled. The deposits were funds held by the testator in trust for his son, the plaintiff, who is the beneficial owner. These deposits are no part of the assets of the estate, and consequently no title or interest therein is vested in the special administrator. While the legal title was in the trustee during his lifetime, upon his decease the plaintiff became entitled to the immediate possession of the books and the deposits which they represented. *Sargent* v. *Sargent,* 168 Mass. 420. *Attorney General* v. *Brigham,* 142 Mass. 248. *Gould* v. *Emerson,* 99 Mass. 154. See *O'Brien* v. *New England Trust Co.* 183 Mass. 186.

The purpose of this bill is to establish a trust in certain definite and specific property. We have no doubt as to the authority of the Superior Court to enter a decree against the defendants. It having been found that a valid trust exists in favor of the plaintiff and that he is entitled to the bank books and to the amounts of the deposits upon surrender of the books, a final decree is to be entered for the plaintiff in accordance with the terms of the report.

*So ordered.*

The case was submitted on briefs.

*M. L. Jennings & W. T. A. Fitzgerald,* for the plaintiff.

*E. A. McLaughlin,* for the defendant Kimball.