JOSEPH IRVEN SULLIVAN & another, executors, *vs.*
JOSEPH VERNER SULLIVAN.

Suffolk.    December 7, 1948. — February 7, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Executor and Administrator*, Claim for decedent's death, Accounts.  *Death.*

A decree allowing an executor's first and final account which omitted a sum recovered by him upon a claim for the decedent's death under G. L. (Ter. Ed.) c. 229, § 5, must be reversed upon appeal by the statutory beneficiary of the claim; the beneficiary was entitled to an accounting for such sum in the account and was aggrieved by the decree.

PETITION, filed in the Probate Court for the county of Suffolk on September 16, 1947, for allowance of the first and final account of the petitioners as executors of the will of Martin J. Sullivan, late of Boston.

The case was heard by *Wilson,* J.

*H. Kisloff,* for the respondent.

*J. Stone,* (*M. S. Glaser* with him,) for the petitioners.

LUMMUS, J.   Martin J. Sullivan died as the result of personal injuries sustained in a collision, and an action was brought against Town Taxi and one Radzik for his conscious suffering and death.   He had one son, Joseph Verner Sullivan.   By his will he gave his son $1, and gave the residue of his estate to his brothers and sisters.   The first and final account of the executors failed to account for $1,669.74 which had been recovered by the executors in an action of tort under G. L. (Ter. Ed.) c. 229, § 5, for the death of said Martin J. Sullivan and for the benefit of Joseph Verner Sullivan as next of kin.   It appeared that Martin J. Sullivan was injured and died before December 13, 1941, so that this case is not affected by the changes in the death statute made by St. 1946, c. 614, which applied only to deaths occurring on or after January 1, 1947.

The account was allowed by the Probate Court, and Joseph Verner Sullivan appealed to this court.   The case is governed by *Koutoudakis* v. *Great American Indemnity Co.* 285 Mass. 466, in which we said at pages 468 and 469, "Not infrequently an executor or administrator receives money which is not a part of the general assets of the estate, is not to be applied to the payment of debts, and is not to be distributed under the will or to the next of kin.   In such cases . . . the Probate Court has jurisdiction to settle his account as to such money and to order its distribution."   Among the illustrations given are "claims for death under our own statutes."   See also *Ashley* v. *Collins,* 292 Mass. 67, 71.

Joseph Verner Sullivan as next of kin and statutory beneficiary of the death claim had a right to have the proceeds of that claim included in the account and distributed to him.   He was plainly aggrieved by the decree allowing an account which omitted those proceeds.   *Decree reversed.*