THOMAS J. LEE *vs.* JOHN F. O'DONOGHUE. December 30, 1949. Appeal dismissed. This is an appeal from a final decree after rescript accompanying an order dismissing an earlier appeal of the defendant for failure to prosecute. The record consists of a copy of the order of dismissal, the rescript, a motion for entry of final decree after rescript, a letter from the defendant's counsel to the assistant clerk of the Land Court, seeking to delay hearing on the motion, the final decree after rescript, the defendant's appeal, and nothing more. There is no finding of facts. The only question open is whether as matter of law the decree could rightly have been entered on the pleadings. *Dondis* v. *Lash*, 283 Mass. 353, 354. We have no means of knowing what transpired at the hearing. The burden is on the appealing party to show error. He has not sustained that burden. As it is an appeal from a final decree after rescript, we do not affirm the decree but dismiss the appeal. *Carilli* v. *Hersey*, 303 Mass. 82, 85–86.

*A. C. McCarthy*, for the appellant, submitted a brief.

No argument nor brief for the appellee.

MALCOLM N. JACKSON & another *vs.* THOMAS J. HOMER & others. January 10, 1950. Order denying jury issue affirmed. This is an appeal from an order of the Probate Court in the matter of the alleged will of Hervey W. Lincoln, late of Brookline, deceased, denying a motion of the contestants for the framing of an issue for trial by jury. The issue was whether one bequest in a codicil was procured by undue influence. Upon consideration of the statements of expected evidence and recognizing the element of discretion vested in the probate judge, we are of opinion that there was no error in the denial of this motion. See *Hannon* v. *Gorman*, 296 Mass. 437.

*C. C. Cabot*, (*R. D. Price* with him,) for the contestants.

*T. Chase*, for Jackson individually.

*S. MacMillan*, (*P. J. Woodward* with him,) for the petitioners.

JENNIE WHITE & another *vs.* HENRY SHULMAN. February 1, 1950. Order sustaining demurrer affirmed. None of the counts in the plaintiffs' declaration as a whole complies with the requirements of G. L. (Ter. Ed.) c. 231, § 7, Second, that "The declaration shall state concisely and with substantial certainty the substantive facts necessary to constitute the cause of action." *Pollock* v. *New England Telephone & Telegraph Co.* 289 Mass. 255, 258. *Jacobs* v. *Mann*, 300 Mass. 258, 259–260. *Fleming* v. *Dane*, 304 Mass. 46, 51. See *Keljikian* v. *Star Brewing Co.* 303 Mass. 53.

*S. Stern*, for the plaintiffs.

*R. L. Shulman*, for the defendant.