## JOHN F. O'DONOGHUE *vs.* WILLIAM J. MANNING, JUNIOR, & others.

Middlesex. December 7, 8, 1953. — January 5, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Res Judicata. Equity Pleading and Practice,* Plea.

In a suit in equity to establish the plaintiff's title to land based on a purchase and deed from the trustee in bankruptcy of a former owner, who before his bankruptcy had conveyed the land to a predecessor of the defendant, the bill was properly dismissed where it appeared upon a plea of res judicata that it had already been decided in the bankruptcy proceeding that the trustee in bankruptcy had no title to the land.

A decree that a plea in a suit in equity "be and hereby is sustained" was an adjudication of the truth of the facts set up by the plea and not merely of its legal sufficiency.

BILL IN EQUITY, filed in the Superior Court on August 7, 1950.

The suit was heard by *O'Brien,* J., upon a plea.

*Arthur C. McCarthy,* (*Francis B. Burns* with him,) for the plaintiff.

*James R. Skahan,* for the defendants.

LUMMUS, J. This case concerns the title to a small lot of land at the corner of Bradford Road and Arthur Road in Belmont which was owned by George E. Tobey on August 25, 1938, when he conveyed it to Victor O. Johnson who immediately conveyed it to Adah T. Tobey, wife of said George E. Tobey. On June 27, 1940, George E. Tobey was adjudicated a bankrupt. The plaintiff bought the lot from his trustee in bankruptcy and received from him a deed conveying it.

After George E. Tobey was adjudicated a bankrupt, Adah T. Tobey conveyed said lot to one Lee and on January 26, 1950, Lee conveyed it to the defendants named Manning.

The Mannings have applied for a license to erect a house on said lot and to maintain a garage thereon.

The purpose of the plaintiff's bill in equity, filed August 7, 1950, is to prevent the erection of said house and the maintenance of said garage, to declare void the title of the Mannings, and to establish the title of the plaintiff.

It appeared that the plaintiff received a deed of said lot for nonpayment of taxes on August 11, 1942, but did nothing to foreclose and perfect his title until in 1945 he petitioned the Land Court to foreclose his tax title. Lee, the grantee of Adah T. Tobey, obtained a decree from the Land Court granting him a right to redeem, and the present plaintiff appealed. That decree was affirmed. *O'Donoghue* v. *Lee,* 321 Mass. 750. See also *Paul* v. *Lee,* 321 Mass. 10. An appeal by the present plaintiff from the decree after rescript was dismissed. *Lee* v. *O'Donoghue,* 325 Mass. 759.

The present bill in equity was heard upon the plea in bar filed by the defendants Manning, setting up that the present controversy has already been adjudicated. The plea was sustained, and the bill was dismissed. The plaintiff appealed.

The plaintiff cannot rely upon his original tax title, for Lee was permitted to redeem from that. The plaintiff must rely upon his deed from the trustee in bankruptcy of George E. Tobey. But the United States District Court, in proceedings by the trustee in bankruptcy to obtain said lot, decided that the trustee in bankruptcy had no title.

The decree that the plea in bar "be and hereby is sustained" was an adjudication on the facts, and not merely on the words of the pleading. *Dudley* v. *Sheehan Construction Co.* 305 Mass. 144, 145. *Moran* v. *Manning,* 306 Mass. 404, 408. We see no error in the entry of the final decree dismissing the bill in equity.

*Decree affirmed with costs.*