MARCELLUS B. FEENEY *vs.* KATHERINE L. FEENEY individually and as executrix.

Bristol.    January 8, 1957. — March 7, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Executor and Administrator*, Ancillary administration, Trust property, Short statute of limitations.  *Jurisdiction*, Over the person, Nonresident, Quasi in rem, Trust.  *Laches*.  *Equity Jurisdiction*, Laches, Trust.  *Limitations, Statute of*.  *Trust*, Situs.  *Equity Pleading and Practice*, Rehearing, Bill.

Neither the fact that there were no assets in Massachusetts of the estate of a nonresident decedent who had been a trustee of an inter vivos trust, nor the passage of the one year specified by the short statute of limitations after giving bond by an ancillary executrix of his will appointed here, would bar for want of jurisdiction a suit in equity brought here against the ancillary executrix, who was served with process here by service on her agent for service, by the beneficiary of the trust to obtain specific trust property allegedly held here by the ancillary executrix.  [537–538]

There was no jurisdiction of the defendant in personam and no basis for exercise of jurisdiction quasi in rem in a suit in equity brought by the beneficiary of an alleged inter vivos trust against a nonresident trustee solely to obtain specific trust property where it appeared that the only service on the defendant was substituted service effected in another State and, although Massachusetts real estate owned by the defendant individually was attached, the plaintiff was not seeking to satisfy any debt and it was not shown that any assets of the trust were physically present in Massachusetts or that the situs of the trust was here.  [539–540]

In a suit in equity by the beneficiary of an alleged inter vivos trust to obtain specific trust property held in Massachusetts by the defendant, the ancillary executrix here of the will of a deceased trustee of the trust, the record before this court, although pointing to laches on the part of the plaintiff by reason of a lapse of years after the establishment of the trust and the deaths of the settlor and such trustee before the bringing of the suit and of other factors, did not show an adequate basis for an adjudication of that issue and the suit must be further heard in the trial court for clarification of the facts.  [543]

The allegations of the bill were sufficient to stand against a demurrer on the ground of uncertainty in a suit in equity by the beneficiary of an alleged inter vivos trust to obtain specific trust property held in Massachusetts by the defendant, the ancillary executrix here of the will of a deceased nonresident trustee of the trust.  [544]

BILL IN EQUITY, filed in the Superior Court on September 8, 1953.

The suit was heard by *Hurley, J.*

*Harold S. R. Buffinton & Ray C. Westgate,* for the plaintiff, submitted a brief.

*Edward B. Hanify, (Donald R. Grant & George L. Sisson* with him,) for the defendant.

CUTTER, J.    The plaintiff by this bill in equity filed on September 8, 1953, in the Superior Court seeks to enforce an alleged oral trust of personalty, and to obtain an accounting under that trust, against the defendant, who is a resident of Rhode Island, individually and as executrix of the will of Cyril M. Feeney, late of Tiverton, Rhode Island, appointed by the Probate Court for Bristol County.   This appointment is shown by the evidence introduced at the hearing on the pleas mentioned below to have been an ancillary appointment, an appointment having previously been made at the testator's domicil in Rhode Island.   The defendant, as an individual and as Massachusetts executrix, appeared specially and filed demurrers, pleas in bar and pleas to the jurisdiction the grounds of which are discussed below.   Interlocutory decrees were entered overruling the plea to the jurisdiction filed by the defendant individually and sustaining both the defendant's demurrers, both the defendant's pleas in bar, and the plea to the jurisdiction filed by the defendant as executrix.   The case is here (a) on the plaintiff's appeal from these decrees, so far as adverse to him, and from the final decree dismissing the bill, and (b) on the defendant's appeal from the final decree so far as it was not based upon the lack of jurisdiction in the Superior Court over her or her property and from the interlocutory decree overruling her plea to the jurisdiction.

The bill alleges that, "at some time or times, the exact dates of which the plaintiff is ignorant, but particularly during the years 1934, 1935 and 1936 and thereabout," one Martin Feeney, the plaintiff's father, transferred "substantial sums of money and securities," owned by him prior to his death, to the defendant and Cyril M. Feeney, the

husband of the defendant and a son of Martin. Martin died November 25, 1937, and Cyril died December 12, 1946. It is alleged further that Martin directed the defendant and Cyril "to make certain investments, to purchase certain annuities, and to . . . pay over the same in equal shares to . . . Cyril . . . and the plaintiff"; that the defendant and Cyril "accepted said securities and cash as trustees and agreed with . . . Martin . . . so to do"; that the defendant and Cyril delivered certain annuities to the plaintiff but have failed to account for and deliver to the plaintiff his one-half share of the cash and securities; and that the defendant, individually and as executrix, holds cash and securities (and the proceeds and income thereof) in trust for the plaintiff, but has neglected to account for them.

The real estate held by the defendant individually in the Fall River registry district of Bristol County was attached. Substituted service of an order of notice upon the defendant individually[1] was effected in Rhode Island, and a subpoena was served upon her as executrix by service upon her agent for service listed in the Bristol County registry of probate.

In considering the pleas to the jurisdiction and the pleas in bar, the trial judge received in evidence only certified copies of (a) the will of Cyril M. Feeney, the petition for proof of the will in Massachusetts, the decree of the Probate Court for Bristol County appointing the defendant as executrix, her appointment of a resident agent, and her bond, and (b) the substantially similar papers of record in the Probate Court for the town of Tiverton, Rhode Island, together with a petition filed by the plaintiff there, apparently in 1948, for leave to file late a claim as creditor of the estate of Cyril, on which no action had been taken except periodic continuances. The trial judge found the facts to be as represented in these documents.

1. We consider first the pleas to the jurisdiction. The bill alleges that the defendant individually and "as executrix as aforesaid" (that is, by virtue of her appointment in Massa-

---

[1] The return of service shows also service on her as executrix.

chusetts) holds "cash and securities delivered by Martin Feeney . . . in trust for the . . . plaintiff . . . and proceeds of such cash and securities and income thereon." This allegation sets out, more specifically than that held insufficient in *Lowe* v. *Jones,* 192 Mass. 94, 102, that the defendant as executrix in Massachusetts holds in Massachusetts specific securities originally transferred to her and her testator in trust. For purposes of the pleas to the jurisdiction the allegation must be taken as true except as found to be false on the basis of evidence introduced in support of the pleas.

(a) The evidence relevant to the plea to the jurisdiction filed by the defendant as Massachusetts executrix shows that she was only an ancillary executrix here and, therefore, accountable here only for assets of Cyril's estate received by her in Massachusetts and not for assets received by her as domiciliary executrix. See *Fay* v. *Haven,* 3 Met. 109, 114; *Cowden* v. *Jacobson,* 165 Mass. 240, 243; *Kennedy* v. *Hodges,* 215 Mass. 112; *Lawton* v. *National Surety Co.* 248 Mass. 440, 445–446; Restatement: Conflict of Laws, §§ 519, 520. Compare *Leach* v. *Leach,* 238 Mass. 100, 103; Goodrich, Conflict of Laws (3d ed.) §§ 186, 190–192. However, if as executrix here she came into possession of identifiable trust property in specie and held it in Massachusetts, this property would not become assets of Cyril's estate, but would be held by the executrix for the use of the true beneficiary. She can be required by a Massachusetts court of equity obtaining jurisdiction of her by service on her agent to deliver such property to the trust beneficiary if he proves his case and is not barred by laches or any statute of limitations. See *Attorney General* v. *Brigham,* 142 Mass. 248, 250–251; *Meagher* v. *Kimball,* 220 Mass. 32, 34. See also *Stoneham Five Cents Savings Bank* v. *Johnson,* 295 Mass. 390, 395; *New England Trust Co.* v. *Spaulding,* 310 Mass. 424, 429–430. Compare *Lowe* v. *Jones,* 192 Mass. 94, 101–103; *Simmons* v. *Barns,* 263 Mass. 472, 475–476. Compare also *Koutoudakis* v. *Great American Indemnity Co.* 285 Mass. 466, 468–469; *Sullivan* v. *Sullivan,* 323 Mass. 671. The

*Brigham* case points out that, in the absence of ability to identify particular trust assets in specie, a claimant against a deceased trustee who has mingled trust assets with his own assets becomes merely a general creditor, subject as such to the statute of limitations applicable to executors. It is thus obviously of importance to determine whether as a matter of fact the defendant as Massachusetts executrix holds any identifiable trust assets.

The executrix's plea to the jurisdiction recites merely that there are no assets of Cyril's estate in Massachusetts and that one year (see the short statute of limitations found in G. L. [Ter. Ed.] c. 197, § 9, as amended) has passed since the date of her giving bond. These grounds will not bar a bill framed to recover identifiable trust property in specie held in Massachusetts by the ancillary personal representative of a decedent. The short statute of limitations, as is indicated by the *Brigham* case (142 Mass. 248, 250–251), would not apply to a suit to recover such trust property, for it relates only to assets of the decedent, and specific trust property would not constitute such assets. Of course, if it should develop on a trial of the merits (if one is reached) that there were no specific trust assets held by the Massachusetts executrix, as such, the short statute of limitations would be applicable to any claim of the plaintiff as a creditor.

The facts as to the existence of trust assets in specie in the hands of the Massachusetts executrix are not revealed by the evidence. Accordingly, in its present form the executrix's plea to the jurisdiction should have been overruled, even though there is enough in the record to suggest that it is unlikely that any original trust property is still held in specie by the Massachusetts executrix some twenty years after the creation of the alleged oral trust.

We have not overlooked the principle that, when one of two trustees dies, title to the trust property is in the survivor as trustee. Restatement: Trusts, § 103. Scott, Trusts (2d ed.) §§ 103, 195. See *Dixon* v. *Homer*, 12 Cush. 41, 42; *Oliver* v. *Poulos*, 312 Mass. 188, 194. Even if it be assumed that title to assets of the alleged trust was in the defendant

as trustee after Cyril's death, the plaintiff conceivably might be able to prove (in support of his allegation that the defendant as Massachusetts executrix held such trust assets in specie here) that the defendant held such assets in specie in Massachusetts and claimed that they were part of Cyril's estate in Massachusetts.

(b) The plea to the jurisdiction filed by the defendant as an individual sets up that she "has not been served personally within . . . Massachusetts and" that the "court has no power . . . to enter any decree affecting her or her property." She has not been served personally in Massachusetts and there is plainly no jurisdiction to enter any decree in personam against her. *Rosenthal* v. *Maletz,* 322 Mass. 586, 590. However, the only type of relief (apart from a general prayer for relief) which the plaintiff asks for in the bill is in personam, that is, to have the defendant, as alleged trustee of the oral trust, render an accounting and "transfer and deliver to the plaintiff such of the cash and securities delivered by said Martin Feeney . . . or the proceeds thereof as are now in" her hands.

The plaintiff, nevertheless, contends that he is entitled on this bill to relief quasi in rem. His bill, however, does not seek a money judgment or to establish any indebtedness and affords no basis for the application of the property of the defendant, which the plaintiff has attached, to any debt due to the plaintiff from the nonresident defendant who has not been served. Compare *Bethlehem Fabricators, Inc.* v. *H. D. Watts Co.* 286 Mass. 556, 559, 568–570 (application of attached asset to payment of debt for goods sold); *Rosenthal* v. *Maletz,* 322 Mass. 586, 592–596 (application of attached asset to payment of notes); G. L. (Ter. Ed.) c. 214, § 3 (7).

On the present record, any Massachusetts real estate of the defendant as an individual which has been attached cannot be assets identifiable as belonging to the oral trust, for that trust is alleged to have consisted of cash and securities. There is thus no attachment of any part of the trust res and the court is not being asked by reason of the attachment to

adjudicate the rights of the parties in any specific trust asset over which it has assumed physical control. Compare *Gulda* v. *Second National Bank,* .323 Mass. 100, 104–105; *Churchill* v. *Bigelow,* 333 Mass. 196, 200.

The allegation that the defendant holds "cash and securities delivered by Martin Feeney . . . in trust for the benefit of the plaintiff" cannot reasonably be construed in the case of the defendant as an individual (unlike the same allegation already mentioned as to her as ancillary executrix in Massachusetts), as an allegation that she holds such assets in Massachusetts. Indeed, since her domicil is in Rhode Island, the implication of the allegation is that she holds trust assets consisting of cash and securities at her domicil. See *Hildreth* v. *Thibodeau,* 186 Mass. 83, 84; *Sadler* v. *Industrial Trust Co.* 327 Mass. 10, 13. As to the enforcement of a trust against the defendant as an individual (at least in the absence of a showing of physical presence of trust assets in Massachusetts or that by the express terms of the trust or in actual practice the place of administration of the trust was in Massachusetts) both principle and considerations of convenience would lead to remitting the plaintiff to appropriate proceedings at the trustee's domicil for enforcement of trust. See *Sadler* v. *Industrial Trust Co. supra.* See also general discussion in Loring, Trustee's Handbook (Shattuck Rev.) § 114 at pages 294–295; Bogert, Trusts and Trustees, §§ 132, 211 at page 327 et seq., 963.

On the prayers of the present bill, we thus see no basis for the exercise of jurisdiction quasi in rem. Since there is no jurisdiction to enter a decree in personam against the defendant individually, the defendant's plea to the jurisdiction, as an individual, should have been sustained.

2. The question next arises whether the bill was properly dismissed on the basis of the pleas in bar on the ground of laches. For this purpose the allegations of the bill which are not denied must be assumed to be true. *Kalmus* v. *Kalmus,* 330 Mass. 41, 42. See *Donahue* v. *Kenney,* 327 Mass. 409, 414. The trial judge has specifically found on the evidence introduced before him at the hearing on the pleas, (a) that

the defendant gave bond as executrix in the Probate Court for Bristol County on August 27, 1947, in proceedings ancillary to original probate of Cyril's will in Rhode Island on January 4, 1947, and (b) that the plaintiff in early 1948 sought leave before the Rhode Island Probate Court to file late his claim against Cyril's estate. It is perhaps not clear on the record that the claim which the plaintiff thus sought leave to file late was the claim on which the present bill is based, although it is likely that this is the case.

The specific allegations of the bill show that, if any trust ever existed, it was established by delivery of money and securities in 1934, 1935, and 1936 to Cyril and the defendant "to convert certain . . . securities into cash, to make certain investments, to purchase certain annuities, and to divide and pay over the same." Such a trust is clearly one for immediate performance and the bill alleges that it was at least partly performed, at a date not shown in the record, by the delivery of certain annuities to the plaintiff. It may be that, from this partial performance alone, we could properly infer a repudiation by the defendant and Cyril of any further trust with respect to assets not thus delivered to the plaintiff. Additional basis for such an inference is supplied by the allegation that the defendant and Cyril "wholly neglected and failed to account to the plaintiff for one half of said cash and securities and to deliver to him his one-half share," taken together with the lapse of time since 1936, ten years to the date of Cyril's death in 1946. It may well be, also, that such an inference could be drawn from the petition to file late a claim in the Rhode Island court, which tends to show that the plaintiff recognized at least as early as 1948 that it would be necessary for him to assert his claim by litigation if he was to enforce it at all. All these circumstances must be viewed in the light of the facts (a) that the settlor of the alleged trust died in 1937, nearly a year after the last date alleged as the date of the creation of the trust, (b) that one of the trustees, the defendant's husband (who presumably was the principal trustee since he was the

settlor's son), died in late 1946, and (c) that the present bill was not brought until 1953.

In the case of an express trust, neither the statute of limitations nor delay "is a bar to equitable relief so long as the trustee has not repudiated the trust with knowledge of the beneficiary." *Allen* v. *Stewart*, 214 Mass. 109, 113. See also *Potter* v. *Kimball*, 186 Mass. 120, 122; *Stuck* v. *Schumm*, 290 Mass. 159, 163–166; *Akin* v. *Warner*, 318 Mass. 669, 676; *Herman* v. *Edington*, 331 Mass. 310, 316; Restatement: Trusts, § 219; Scott, Trusts (2d ed.) § 219.1; Bogert, Trusts and Trustees, § 949.

However, even in the absence of affirmative indication that the trustees had repudiated the alleged oral trust, the circumstances may be such that the plaintiff should be regarded as guilty of laches because of his failure to "take affirmative steps to enforce the trust." There is authority which suggests that cases may arise where trustees are "under a duty to convey the trust property to the beneficiary" and have failed "to make the conveyance for such a time and under such circumstances that the beneficiary is fairly chargeable with laches. . . . In cases of this sort . . . where the beneficiary has long delayed in asserting his rights and the circumstances are such that it has become difficult to prove whether . . . there ever was a trust or whether the trust has been performed, the beneficiary is precluded by laches from maintaining a suit to enforce the trust." Scott, Trusts (2d ed.) § 219.1 at page 1614. See *Sawyer* v. *Cook*, 188 Mass. 163, 167–168; Bogert, Trusts and Trustees, §§ 951, 964. The facts here perhaps are not as strong as those in *Chandler* v. *Lally*, 308 Mass. 41, 44–45, but we think they have strong tendency to indicate unreasonable delay.

The death of the settlor of this alleged oral trust in 1937 and the death of the defendant's husband, Cyril, in 1946, both obviously important witnesses in any proceeding to enforce the trust, are events which tend to indicate that the delay caused prejudice to the defendant's position. See *Chandler* v. *Lally*, 308 Mass. 41, 44–45; *Garfield* v. *Garfield*,

327 Mass. 529, 534; Bogert, Trusts and Trustees, § 949 at pages 190–193.

The principles which should govern decision of the issue of laches raised by the plea in bar of the defendant as executrix are thus well established. However, the present record, although pointing to the conclusion that the plaintiff has been guilty of laches, is not in our judgment as complete as it should be to enable this court and the Superior Court to do justice and to afford an adequate basis for a decree. See *Frank* v. *Frank, ante,* 130, 136–137. The defendant should have put in more complete evidence at the original trial on the truth of the plea. However, it will serve no useful purpose to require her to proceed to a full trial on the merits, if, by taking further evidence relating to the plea in bar, the defence of laches can be plainly established, as may well be the case with respect to this claim based largely on events which occurred in 1934, 1935 and 1936 and were peculiarly within the knowledge of two witnesses now dead. Accordingly, the case will stand for further hearing on the plea in bar of the defendant as ancillary executrix, so that the Superior Court (and, if necessary, this court) may pass upon it after the facts have been clarified.

The record should be supplemented so that it will reveal plainly (1) whether and when any repudiation of the alleged oral trust (or denial that any such trust ever existed) took place; (2) whether circumstances, short of explicit repudiation, existed which made delay in pressing the claim together with the change of the defendant's position (by reason of the deaths of the alleged settlor and of Cyril) a proper basis for sustaining the defence of laches; and (3) whether the ancillary executrix in fact holds in Massachusetts (and not merely as domiciliary executrix in Rhode Island) any assets in specie which on proper proof on the merits could be found to be assets of the alleged oral trust.

At the trial of the truth of the defence asserted by the plea (see *Moran* v. *Manning,* 306 Mass. 404, 408; *O'Donoghue* v. *Manning,* 331 Mass. 23, 24) it was open to the plaintiff to introduce evidence tending to show that the defence of laches

was inapplicable.  No such evidence was introduced.  There is thus no basis in the present record for finding any excuse for the plaintiff's delay in bringing the bill such as existed in *Shea* v. *Shea*, 296 Mass. 143, 148–149.  See also *Akin* v. *Warner*, 318 Mass. 669, 672–673, 676;  Bogert, Trusts and Trustees, § 949 at pages 184–185;  note 27 B. U. L. Rev. 248, 250.  It will be open to the plaintiff to produce at the further hearing of the plea in bar any evidence relevant on the issue of laches.

3. The questions raised by the demurrer of the defendant individually need not be discussed in view of our holding with respect to the plea to the jurisdiction.  Her demurrer filed as ancillary executrix raises principally questions already discussed in connection with her plea in bar and plea to the jurisdiction.  In addition to the grounds of laches, the short statute of limitations found in G. L. (Ter. Ed.) c. 197, § 9, and want of jurisdiction, the demurrer asserts that the plaintiff has not stated facts which entitled him to relief in equity against the defendant as executrix and that the allegations of paragraphs 5, 6, 7 and 8 are too vague to inform the defendant of the claims made against her.  We have already indicated for purposes of the plea in bar that on this record we should not rule, even with the aid of the additional evidence introduced in connection with the pleas, that the plaintiff is barred by laches or by the short statute of limitations.  The bill on its face does not sufficiently disclose that the plaintiff is guilty of laches.  *Shea* v. *Shea*, 296 Mass. 143, 147–148. We think that the bill adequately states a basis for jurisdiction in the court and for relief in equity to the extent (1) that the alleged oral trust can be established and (2) that the defendant as executrix in Massachusetts can be shown to hold assets of that alleged trust in specie in Massachusetts.  The allegations of the bill certainly leave much to be desired in clarity but we think they are not demurrable on the ground of uncertainty.  See *Shea* v. *Shea*, 296 Mass. 143, 147.  Accordingly, the demurrer of the defendant as ancillary executrix should have been overruled without prejudice to raising the issues of laches, the short statute

of limitations, and want of jurisdiction by plea or by appropriate provisions in an answer.

4. The interlocutory decree overruling the plea to the jurisdiction filed by the defendant as an individual is reversed. As the suit against the defendant individually is determined by the sustaining of the plea to the jurisdiction, it is not necessary to pass upon the plea in bar and the demurrer filed by her as an individual. The interlocutory decrees sustaining the plea to the jurisdiction, the plea in bar and the demurrer filed by the defendant as ancillary executrix are reversed. The final decree is reversed. A decree is to be entered dismissing the bill as to the defendant individually (see *Vincent* v. *Plecker*, 319 Mass. 560, 562–565; compare *Andersen* v. *Albert & J. M. Anderson Manuf. Co.* 325 Mass. 343, 347) but retaining the bill as against the defendant as ancillary executrix, the case thereafter to stand for further hearing in the Superior Court for action consistent with this opinion.

*So ordered.*