**Dennis F. DiTINNO, Alexander J. DiTinno and David J. DiTinno, Plaintiffs,**

**v.**

**Betty Ann DiTINNO, as Executrix of the Estate of Felix P. DiTinno, and Betty Ann DiTinno, Individually, Defendant.**

**Civ. A. No. 82–2788–G.**

United States District Court, D. Massachusetts.

Jan. 10, 1983.

---

997

Austin, Philbin, Stephen J. Philbin, Clinton, Mass., for plaintiffs.

Thomas F. McEvilly, McEvilly & Curley, Leominster, Mass., for defendant.

## MEMORANDUM OF DECISION GRANTING DEFENDANT'S MOTION TO DISMISS

GARRITY, District Judge.

This is an action seeking a declaratory judgment pursuant to 28 U.S.C.A. §§ 2201 and 2202 and Massachusetts General Laws Chapter 231A, § 1. The facts relevant to this motion are not in dispute; the plaintiffs have adopted the defendant's statement of the case. The defendant is the wife of the decedent. The plaintiffs are three sons of the decedent by a former marriage. The plaintiffs are emancipated adults of legal age who were not living in the decedent's household at the time of his death.

The decedent, Felix P. DiTinno, died on June 24, 1977 while operating a forklift vehicle at his place of employment. On June 23, 1980 his wife, Betty Ann DiTinno, brought suit in state court against the manufacturer and the distributor of the forklift

for wrongful death pursuant to Massachusetts General Laws Chapter 229, § 2. That statute provides that actions to recover damages pursuant to § 2 shall be brought by the executor or administrator of the deceased. Mrs. DiTinno is the Executrix of the decedent's estate.

Mrs. DiTinno entered into a settlement agreement with the manufacturer and distributor of the forklift on August 9, 1982. The plaintiffs made a demand on Mrs. DiTinno for what they claim to be their share of the damages paid or payable to Mrs. DiTinno under the settlement agreement. Mrs. DiTinno refused to pay the plaintiffs the amount to which they believed they are entitled and no settlement agreement could be reached between the parties.

On September 22, 1982 the plaintiffs filed this action in federal court, seeking a declaratory judgment of the amount of the damages paid or payable to Mrs. DiTinno under the settlement agreement to which they are entitled under the Massachusetts Wrongful Death Statutes. On October 5, 1982 Mrs. DiTinno filed a Petition for Instructions with the Worcester County Probate Court, asking that court to determine the share of the various statutory beneficiaries in the net amount recovered from the forklift manufacturer and distributor for the decedent's wrongful death.

The defendant filed a motion to dismiss this case for lack of subject matter jurisdiction on October 8, 1982. The plaintiffs filed an opposition to that motion and responded by filing a motion on October 14, 1982 asking this court to stay proceedings in the Probate Court for Worcester County.

The defendant argues that because the wrongful death action specifically provides that the damages shall be recovered in an action of tort brought by the executor or administrator, this is a probate matter and the federal courts are without jurisdiction

over the action or the proceeds of the settlement agreement, which defendant claims constitutes property in the custody of the state court. The plaintiffs respond that this court has jurisdiction and contend that there exist "no reasons of comity or otherwise" for this court to refuse to hear this matter.

■ Jurisdiction in this case is based upon diversity of citizenship under 28 U.S.C. § 1332. It is undisputed that the plaintiffs are citizens of Florida and the Canal Zone and the defendant is a citizen of Massachusetts, and that the amount in controversy exceeds $10,000. Therefore, the requirements for diversity jurisdiction have been established. The action also meets all of the requirements of the declaratory judgment act, 28 U.S.C. § 2201.[1] Therefore, federal jurisdiction has been established.

■ There is, however, a judicially created exception which places probate matters outside of the jurisdiction of the federal courts. *See, e.g., Markham v. Allen,* 1946, 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256; 13 Wright, Miller & Cooper, Federal Prac. & Proc. § 3610. However, while it is clear that "pure" probate matters are outside federal jurisdiction, *Waterman v. Canal-Louisiana Bank & Trust Co.,* 1909, 215 U.S. 33, 44, 30 S.Ct. 10, 12, 54 L.Ed. 80, federal courts interpret this exception very narrowly. Federal courts exercise jurisdiction over probate-related claims "so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Markham v. Allen, supra* 326 U.S. at 494, 66 S.Ct. at 298.

■ This is not a "pure probate" suit, so the question is whether resolving the suit will involve federal court interference with the state probate proceedings or will re-

---

1. That section provides, in pertinent part, that: In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking

such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

quire this court to assume control of property in a state court's custody. *See Rice v. Rice Foundation,* 7 Cir.1979, 610 F.2d 471, 475–476; 13 Wright, Miller & Cooper, *supra* § 6310 at 680–681. There are several different tests federal courts have employed to determine whether a federal action will interfere with a state probate court. One test looks to the nature of the plaintiffs' claim and the other main test looks to whether the action brought in the federal court would have been cognizable in a state court of general jurisdiction or whether exclusive state court jurisdiction is vested in the state probate courts. *Rice v. Rice Foundation, supra* at 476. This action is basically an action asking this court to interpret a state tort statute to determine the share of a tort settlement that the three plaintiffs are entitled to as statutory beneficiaries. Therefore, under these tests, resolving this suit will not involve federal court interference in state probate proceedings.

The more difficult question is whether issuing a declaratory judgment in this case will require this court to assume control of property in a state court's custody:

> The cases thus endeavor to distinguish between direct interferences with or control of the res and adjudication of the rights of individuals who have an interest in the res. This line of distinction is not always clear.

*Starr v. Rupp,* 6 Cir.1970, 421 F.2d 999, 1005. The statute does require that the wrongful death action be brought by the executor or administrator, so the proceeds are held by Mrs. DiTinno in her position as executrix of the estate, a position which makes her an officer of the Worcester County Probate Court. Mass. G.L. c. 215, § 3. In *Byers v. McAuley,* 1893, 149 U.S. 608, 615, 13 S.Ct. 906, 908, 37 L.Ed. 867, the Supreme Court stated:

> An administrator appointed by a state court is an officer of that court; his possession of the decedent's property is a possession taken in obedience to the orders of that court; it is the possession of the court, and it is a possession which cannot be disturbed by any other court.

*See also Sullivan v. Sullivan,* 1949, 323 Mass. 671, 672, 84 N.E.2d 32; *Koutoudakis v. Great American Indemnity Co.,* 1934, 285 Mass. 466, 468, 189 N.E. 621. On the other hand, the plaintiffs have not asked this court to take custody of the property, but have merely asked this court to render a judgment concerning their respective interests in the settlement proceeds. Although it is a close question, this court has jurisdiction under the authorities previously cited.

Finally, however, we turn to the question of whether this court, in the exercise of its discretion, should entertain this suit or should abstain. *See Markham v. Allen, supra* at 495, 66 S.Ct. at 299; *Bassler v. Arrowwood,* 8 Cir.1974, 500 F.2d 138, 142, *cert. denied,* 1975, 419 U.S. 1116, 95 S.Ct. 796, 42 L.Ed.2d 815. The fact that this federal action might proceed without directly interfering with the state probate proceedings permits this court to exercise jurisdiction, but it does not require it. *Rice v. Rice Foundation, supra* at 477. This court recognizes its "virtually unflagging obligation ... to exercise the jurisdiction given" it. *Colorado River Water Conservation District v. United States,* 1976, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483. However, this is an appropriate case for abstention for several reasons.

*First,* as plaintiffs point out, there are no cases construing disbursement under Massachusetts General Laws Chapter 229, § 2, the statute upon which plaintiffs' claim is based. *See Louisiana Power & Light v. Thibodaux,* 1959, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058; *Colorado River Water Conservation District v. United States, supra* at 814, 96 S.Ct. at 1244. This is not determinative and this unsettled issue of state law would not be enough to merit abstention standing alone, but taken in combination with the other circumstances in this case it militates in favor of this court's abstention. *See Rice v. Rice Foundation, supra* at 478.

*Second,* while the plaintiffs correctly point out that the defendant did not file her petition for instructions with the probate court until twelve days after the plaintiffs

filed this action, nevertheless, there is a state probate court action pending in which the questions here at issue will be adjudicated. Recognizing that these issues should not be litigated in two separate courts, the plaintiffs moved this court for an order staying all proceedings in the probate court. The better course of action, however, is for this court to exercise its discretion and abstain, allowing the probate action to go forward.

*Third,* in order to make a final adjudication of the amount to which the plaintiffs are entitled, this court would be required to determine what expenses of the estate need to be deducted from their share. Under Massachusetts law, the tort settlement proceeds are subject to other claims if the assets of the estate are insufficient to satisfy these claims:

> All sums recovered under section one, two, two B or five A shall, if and to the extent the assets of the estate of the deceased shall be insufficient to satisfy the same, be subject to the charges of administration and funeral expenses of said estate, to all medical and hospital expenses necessitated by the injury which caused the death, to reasonable attorneys' fees and reasonable costs and expenses of suit incurred in such recovery.

Mass. G.L. c. 229, § 6A. Therefore, this court will not adjudicate the isolated issue of the plaintiffs' share when distribution if any, cannot occur until the probate court determines reasonable attorneys' fees and the other specified expenses and ascertains whether the assets of the estate exceed that amount. Similarly, this court will not interfere with the probate court's determination of those amounts. Abstention is the better course.

All of the above reasons would militate in favor of federal court abstention if this were simply a diversity case in which the plaintiffs were seeking damages or an injunction. In addition, however, this action is an action for a declaratory judgment. There are several additional factors related to the fact that this is an action for a declaratory judgment which lead this court to exercise its discretion to dismiss this case.

*First,* the policy explained by the Supreme Court in *Colorado River Water Conservation District v. United States, supra,* which favors federal courts deciding all cases in which there is a case or controversy cognizable in the federal courts, is not as strong in the context of actions for declaratory judgments. The federal declaratory judgment act, 28 U.S.C. § 2201, states that the federal court "may declare the rights and other legal obligations." This is authority for the exercise of judicial discretion. *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 1952, 342 U.S. 180, 183–184, 72 S.Ct. 219, 221, 96 L.Ed. 200. Similarly, the Massachusetts declaratory judgment provisions include an express provision outlining the grounds for refusing to render a declaratory judgment:

> The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceedings or for other sufficient reasons. The reasons for such refusal shall be stated in the record. . . .

Mass. G.L. c. 231A, § 3.

*Second,* federal courts should generally, in the exercise of their discretion under the declaratory judgment act, decline to exercise diversity jurisdiction over declaratory judgment actions raising issues of state law "when those same issues are being presented contemporaneously in state courts." *Provident Tradesmens Bank & Trust Co. v. Patterson,* 1968, 390 U.S. 102, 126, 88 S.Ct. 733, 746, 19 L.Ed.2d 936. The plaintiffs are correct that they filed their action first, but the federal declaratory judgment act was not passed by Congress to create a proverbial race to the courthouse. It would be "uneconomical as well as vexatious" for the federal court to proceed in this declaratory judgment suit raising precisely the same issue which will necessarily be decided by the state probate court. *Brillhart v. Excess Ins. Co.,* 1942, 316 U.S. 491, 495, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620. *See also Fay v. Fitzgerald,* 2 Cir.1973, 478 F.2d 181, 182–

184. The plaintiffs' rights can better be settled in the proceeding pending in the state court.

*Third,* as the Massachusetts statute makes clear, there is a policy militating against courts granting declaratory judgments which will not completely terminate a controversy. Therefore, the fact that an award will not be made to the plaintiffs until the probate court makes the determination mandated by Massachusetts General Laws chapter 229, § 6A, also suggests that this court should not exercise its discretion in favor of proceeding with this case.

Therefore, for the reasons outlined above, the court grants the defendant's motion to dismiss. The motion to dismiss is granted without prejudice as it is not a decision on the merits but is a decision to exercise the court's discretion to decline jurisdiction in this case.

So ordered.